■ STATE OF NEW YORK, Appellant, v GRUZEN PARTNERSHIP, Respondent, et al., Defendant. (And Two Third-Party Actions.) [657 NYS2d 830] —Crew III, J. Appeal from an order of the Supreme Court (Teresi, J.), entered July 24, 1996 in Albany County, which, *inter alia*, denied plaintiff's motion to reargue a prior order denying plaintiff leave to amend its complaint to add party defendants.

In January 1981, plaintiff entered into a contract with defendant Gruzen Partnership to provide design services in connection with the construction of a State correctional facility. Thereafter, in 1991, plaintiff commenced this action against Gruzen for breach of contract. In so doing, however, plaintiff neglected to name and serve Gruzen's individual partners as party defendants. Accordingly, in January 1994, plaintiff moved to, *inter alia*, amend its complaint to assert claims against the individual partners. Supreme Court (Spain, J.) denied that portion of plaintiff's motion, finding that plaintiff's claims as to the proposed defendants were time barred and, further, that plaintiff had failed to satisfy the three-part test for application of the relation back doctrine. In March 1996, subsequent to the Court of Appeals' decision in *Buran v Coupal* (87 NY2d 173), plaintiff moved to reargue based upon an intervening change in the law. Supreme Court (Teresi, J.) denied the motion, and this appeal by plaintiff ensued.

As a general rule, no appeal lies from an order denying a motion to reargue (*see, Spa Realty Assocs. v Springs Assocs.*, 213 AD2d 781, 783). "However, where * * * the court denies the motion to reargue but addresses the merits of the motion, and then adheres to its original determination, the order is appealable" (*Dunham v Hilco Constr. Co.*, 221 AD2d 586, 587, *revd in part on other grounds* 89 NY2d 425; *see, Matter of Sagona v State Farm Ins. Co.*, 218 AD2d 660, 661; *Price v*

*Palagonia,* 212 AD2d 765, 766). In concluding that the Court of Appeals' decision in *Buran v Coupal* (*supra*) did not constitute an intervening change in the law as applied to this case, Supreme Court necessarily reached and addressed the merits. Accordingly, the order denying plaintiff's motion to reargue is appealable.

The foregoing conclusion ultimately provides little relief to plaintiff, however, as we also are of the view that the motion to reargue is untimely. A motion based upon an intervening change in the law is a motion to reargue and, hence, must be brought within the time to appeal (*see, Matter of Barnes [Council 82]*, 235 AD2d 826). Although a motion to reargue may be permitted "despite the expiration of the time to appeal the original order where the motion is based upon an intervening change in the law and the original order is an intermediate one which would ultimately be subject to review upon appeal from the final judgment" (*id.*), we agree with Supreme Court that the Court of Appeals' decision in *Buran v Coupal* (*supra*) does not constitute an intervening change in the law with respect to this case.

To be sure, the decision in *Buran v Coupal* (*supra*) puts to rest any lingering dispute regarding the third prong of the relation back doctrine test—namely, whether the mistake as to the identity of the proper parties need be "excusable". In this regard, although the decision makes clear that the "excusability" requirement has been eliminated, it is equally clear that a mistake as to the identity of the parties at the time of the initial filing still is required (*see, id.*, at 179-181), which the record before us demonstrates simply did not occur here. Indeed, plaintiff acknowledges that its mistake "was not a mistake as to the identity of the partners of Gruzen, but rather, was a mistake resulting from a misapprehension as to whether it was necessary to name and serve the partners of Gruzen in order to hold them personally liable for any judgment recovered by plaintiff against Gruzen". Under such circumstances, *Buran v Coupal* (*supra*) does not constitute an intervening change in the law and, hence, the motion to reargue is untimely.

Mikoll, J. P., Casey, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.