■ SOMER & WAND, P. C., Appellant, v PIA ROTONDI et al., Respondents, and STANLEY J. SOMER et al., Appellants. [674 NYS2d 770] —In an action to recover damages for nonpayment of legal fees, the plaintiff and the counterclaim defendants appeal, as limited by their briefs, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated January 10, 1997, as granted the defendants' motion for leave to serve an amended counterclaim adding Stanley J. Somer and Carl F. Wand as additional counterclaim defendants, and Stanley J. Somer appeals from so much of an order of the same court, dated December 1, 1997, as, upon reargument, adhered to the original determination. The appeal by the counterclaim defen-

dant Carl F. Wand from the order dated January 10, 1997, also brings up for review so much of the order dated December 1, 1997, as, upon reargument, adhered to the original determination (see, CPLR 5517 [b]). Justice Copertino has been substituted for Justice Lerner (see, 22 NYCRR 670.1 [c]).

Ordered that the appeal by the plaintiff is dismissed, as it is not aggrieved by the order appealed from (see, CPLR 5511); and it is further,

Ordered that the appeal by Stanley J. Somer and Carl F. Wand from the order dated January 10, 1997, is dismissed, as that order was superseded by the order dated December 1, 1997, made, upon reargument; and it is further,

Ordered that the order dated December 1, 1997, is reversed insofar as reviewed on the appeal by Carl F. Wand and insofar as appealed from by Stanley J. Somer, and, upon reargument, the motion for leave to serve an amended counterclaim is denied, and the order dated January 10, 1997, is amended accordingly; and it is further,

Ordered that the appellant Stanley J. Somer is awarded one bill of costs; and it is further,

Ordered that the appellant Carl F. Wand is awarded one bill of costs.

The defendants sought to amend their counterclaim to recover damages for legal malpractice against the plaintiff professional corporation to include the appellant individual shareholders as additional counterclaim defendants. Contrary to the contentions of the individual shareholders, the 1996 amendment to CPLR 214 (6) (L 1996, ch 623), which makes an action to recover damages for legal malpractice subject to a three-year Statute of Limitations regardless of whether the underlying theory is based in contract or in tort, is of no consequence to the timeliness of the amended counterclaim because the proposed amended counterclaim was asserted more than six years after the alleged malpractice.

Accordingly, the amended counterclaim is untimely with regard to the individual shareholders unless it relates back to the original counterclaim (see, Mondello v New York Blood Ctr.—Greater N. Y. Blood Program, 80 NY2d 219; Brock v Bua, 83 AD2d 61). Even assuming that the timely-served professional corporation is united in interest with the individual shareholders, the counterclaimants have not demonstrated a mistake as to the identity of the proper party or parties at the time of the original pleading (see, Buran v Coupal, 87 NY2d 173). The counterclaimants concede that they were aware of

the identities of the individual shareholders of the professional corporation when they commenced the action against that entity. The counterclaimants further contend that they intentionally did not name and serve the individual shareholders because they believed that the shareholders would be personally liable under Business Corporation Law § 1505 (a). While that provision renders the individual shareholders of the professional corporation "potentially liable for the malpractice of the [professional corporation] to the extent of their own personal negligence or to the extent of negligent acts committed at their direction, neither Business Corporation Law § 1505 (a) nor any other provision of the Business Corporation Law obviates the need to acquire personal jurisdiction over the potentially liable parties" (*Somer & Wand v Rotondi*, 219 AD2d 340, 343).

The mistake here was not a mistake as to the identity of the shareholders, but a mistake of law, which is not the type of mistake contemplated by the relation-back doctrine. Therefore, the Supreme Court erred in granting the motion for leave to serve an amended counterclaim against the individual shareholders (*see, State of New York v Gruzen Partnership*, 239 AD2d 735; *Yovane v White Plains Hosp. Ctr.*, 228 AD2d 436). O'Brien, J. P., Copertino, Krausman and Florio, JJ., concur.