◼ In the Matter of BRUCHA MORTGAGE BANKERS CORP., Appellant, v COMMISSIONER OF LABOR OF THE STATE OF NEW YORK, Respondent. [697 NYS2d 674] —In a proceeding pursuant to CPLR article 78 to review a determination of the Industrial Board of Appeals of the New York State Department of Labor, dated September 23, 1998, modifying, after a hearing, an Order to Comply of the Commissioner of Labor of the State of New York dated November 7, 1997, and affirming a second Order to Comply dated November 7, 1997, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Garry, J.), dated March 18, 1999, which denied its cross motion for leave to serve an amended petition adding the Industrial Board of Appeals of the New York State Department of Labor as an additional respondent, granted the motion of the respondent Commissioner of Labor of the State of New York to dismiss the petition for failure to name and serve a necessary party, and thereupon dismissed the proceeding.

Ordered that the order and judgment is affirmed, with costs.

The petitioner cross-moved to amend its petition after the Commissioner of Labor of the State of New York (hereinafter the Commissioner) moved to dismiss the petition for failure to name and timely serve the Industrial Board of Appeals of the New York State Department of Labor (hereinafter the IBA), a necessary party to this proceeding. The petitioner contends that it did not name and serve the IBA because "it is most unconventional to sue the tribunal that ruled against you on appeal". The Supreme Court was correct in denying the petitioner's cross motion for leave to serve an amended petition against the IBA and in granting the motion of the Commissioner to dismiss for failure to name a necessary party.

This proceeding against the IBA is time-barred because it was not commenced within 60 days after the IBA issued its decision (*see*, Labor Law § 102). Furthermore, the amended petition does not relate back to the original petition pursuant to CPLR 203 (b) (*see*, *Mondello v New York Blood Ctr.—Greater N. Y. Blood Program*, 80 NY2d 219; *Brock v Bua*, 83 AD2d 61). Even assuming that the IBA is united in interest with the Commissioner, the petitioner has failed to demonstrate a mistake as to the identity of the proper party or parties at the time of the original pleading (*see*, *Buran v Coupal*, 87 NY2d 173). The petitioner's mistake was one of law, which is not the type of mistake contemplated by the relation-back doctrine

(*see, Somer & Wand v Rotondi,* 251 AD2d 567; *State of New York v Gruzen Partnership,* 239 AD2d 735; *Yovane v White Plains Hosp. Ctr.,* 228 AD2d 436). Mangano, P. J., Ritter, Joy, McGinity and Smith, JJ., concur.