■ In the Matter of C. A. KARMEL, Appellant, v WHITE PLAINS COMMON COUNCIL et al., Respondents. [726 NYS2d 692] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Common Council of the City of White Plains dated August 2, 1999, granting site plan approval to the First Assembly of God Church, the appeal is from a

judgment of the Supreme Court, Westchester County (Zambelli, J.), entered March 28, 2000, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

A party whose interest may be adversely effected by a potential judgment must be made a party in a CPLR article 78 proceeding (see, CPLR 1001 [a]; see also, Manupella v Troy City Zoning Bd. of Appeals, 272 AD2d 761; Sarva v Tura Assocs., 204 AD2d 422). In the present case, the Supreme Court properly concluded that the First Assembly of God Church (hereinafter the Church) was a necessary party since an adverse ruling against the White Plains Common Council (hereinafter Common Council) would have an adverse impact on the Church and affect its ability to comply with the parking requirements of the subject zoning ordinance.

Further, the applicable Statute of Limitations had expired and the Church could only have been joined to the proceeding if the relation-back doctrine applied (see, CPLR 217 [1]; Buran v Coupal, 87 NY2d 173; CPLR 1003). The relation-back doctrine does not apply to the present case. The petitioner failed to adequately explain why it did not include the Church as a respondent in a timely manner, although it was aware from the onset that the Church was both the owner of the property and the site plan applicant (see, Mondello v New York Blood Ctr.-Greater N. Y. Blood Program, 80 NY2d 219; Matter of Artrip v Village of Piermont, 267 AD2d 457). Additionally, the Church and the Common Council are not united in interest since their respective interests in the subject matter are not such that "they stand or fall together and that judgment against one will similarly affect the other" (Mondello v New York Blood Ctr.-Greater N. Y. Blood Program, supra, at 226; Prudential Ins. Co. v Stone, 270 NY 154, 159; Matter of Baker v Town of Roxbury, 220 AD2d 961).

Accordingly, since the Church was a necessary party and did not voluntarily appear or participate in the proceeding, and since the applicable Statute of Limitations had expired, the Supreme Court properly denied the petition and dismissed the proceeding (see, Matter of Saunders v Graboski, 282 AD2d 610; Matter of Artrip v Village of Piermont, supra). O'Brien, J. P., Florio, Feuerstein and Smith, JJ., concur.