■ DEBRA S. BERECK, P.C., Respondent, v MONA HAMZA, Appellant. [750 NYS2d 502] —In an action to recover legal fees, the defendant appeals from an order of the Supreme Court, Rockland County (Nelson, J.), dated November 9, 2001, which granted the plaintiff's motion to dismiss her counterclaims, and denied her cross motion for leave to serve an amended answer and counterclaim adding additional counterclaim defendants.

Ordered that the order is affirmed, with costs.

In January 1999 the plaintiff, a professional corporation, commenced the instant action to recover legal fees. The defendant subsequently sought leave to amend her answer and her counterclaims to recover damages for legal malpractice against the professional corporation, to include Debra S. Bereck, individually, David Isaacson, and Isaacson & Bereck as additional defendants. The law firm of Isaacson & Bereck had represented the defendant in an underlying action for a divorce and ancillary relief.

The applicable statute of limitations expired (*see* CPLR 214 [6]), and the additional counterclaim defendants can be joined in the action only if the relation-back doctrine applied (*see Buran v Coupal*, 87 NY2d 173, 177). The relation-back doctrine does not apply to the present case. The defendant failed to adequately explain why she did not include the proposed counterclaim defendants in a timely manner, although she was aware that they had represented her in the underlying action (*see Mondello v New York Blood Ctr.—Greater N.Y. Blood Program*, 80 NY2d 219, 226; *Matter of Karmel v White Plains Common Council*, 284 AD2d 464, 465). Accordingly, the Supreme Court properly denied the defendant's cross motion

for leave to amend her answer and counterclaims, and properly granted the plaintiff's motion to dismiss the counterclaims (*cf. Somer & Wand v Rotondi,* 251 AD2d 567, 568-569).

The defendant's remaining contention is without merit. Smith, J.P., Goldstein, McGinity and Mastro, JJ., concur.