In the Matter of DONALD FERRUGGIA et al., Appellants, v ZONING BOARD OF APPEALS OF THE TOWN OF WARWICK et al., Respondents. [774 NYS2d 760]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals of the Town of Warwick, dated October 28, 2002, which, inter alia, granted variances with respect to real property owned by John E. White and Dorothy M. Parietti and of which the respondent Steven Sullivan was the contract vendee, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Orange County (Owen, J.), dated January 28, 2003, which upon granting the respondents' separate motions to dismiss the proceeding for failure to join necessary parties, dismissed the proceeding.

Ordered that the order and judgment is affirmed, with one bill of costs.

The Supreme Court properly dismissed the proceeding for failure to timely join the landowners as necessary parties (*see Matter of Long Is. Pine Barrens Socy. v Town of Islip,* 286 AD2d 683 [2001]; *Matter of Karmel v White Plains Common Council,* 284 AD2d 464, 465 [2001]; *Manupella v Troy City Zoning Bd. of Appeals,* 272 AD2d 761 [2000]; *Matter of Artrip v Incorporated Vil. of Piermont,* 267 AD2d 457 [1999]; *see also Matter of Saunders v Graboski,* 282 AD2d 610 [2001]; *Matter of Save Our-Open Space v Planning Bd. of Vil. of S. Nyack,* 256 AD2d 581, 582 [1998]). The applicable statute of limitations had expired and the petitioners could have joined the landowners only if the relation-back doctrine applied (*see Buran v Coupal,* 87 NY2d 173, 178 [1995]; *Matter of Karmel v White Plains Common Council, supra; Matter of Artrip v Incorporated Vil. of Piermont, supra*). Contrary to the petitioners' contention, however, the relation-back doctrine does not apply to this case because the landowners are not united in interest with the respondent Steven Sullivan. Their respective interests are not such that "they

stand or fall together and that judgment against one will similarly affect the other" (*Mondello v New York Blood Ctr.— Greater N.Y. Blood Program,* 80 NY2d 219, 226 [1992]; *Prudential Ins. Co. v Stone,* 270 NY 154, 159 [1936]; *Matter of Karmel v White Plains Common Council, supra* at 465; *see Matter of Artrip v Incorporated Vil. of Piermont, supra*). Additionally, the petitioners failed to demonstrate a mistake as to the identity of the proper party or parties at the time of the original pleading (*see Debra S. Bereck, P.C. v Hamza,* 299 AD2d 516 [2002]; *Ramos v Cilluffo,* 276 AD2d 475, 476 [2000]; *Matter of Brucha Mtge. Bankers Corp. v Commissioner of Labor of State of N.Y.,* 266 AD2d 211 [1999]; *Somer & Wand v Rotondi,* 251 AD2d 567 [1998]). The petitioners' mistake was one of law, which is not the type of mistake contemplated by the relation-back doctrine (*see Brucha Mtge. Bankers Corp. v Commissioner of Labor of State of N.Y., supra; Somer & Wand v Rotondi, supra*).

In light of our determination, Sullivan's remaining contention regarding laches has been rendered academic. Smith, J.P., Goldstein, Mastro and Rivera, JJ., concur.