[785 NYS2d 813]

JANE DOE et al., Appellants, v HMO-CNY et al., Respondents.
(Appeal No. 1.)

Fourth Department, November 19, 2004

## APPEARANCES OF COUNSEL

*Sullivan Oliverio & Gioia LLP*, Buffalo (*B.P. Oliverio* of counsel), for appellants.

*Bond, Schoeneck & King, PLLC*, Syracuse (*John G. McGowan* of counsel), for HMO-CNY, respondent.

*Webster Szanyi LLP*, Buffalo (*Michael P. McClaren* of counsel), for Blue Cross Blue Shield of Western New York Division of HealthNow NY, Inc., respondent.

## OPINION OF THE COURT

HURLBUTT, J.

In appeal No. 1, plaintiffs appeal from an amended order granting the respective motions of defendants, HMO-CNY and Blue Cross Blue Shield of Western New York Division of Health-Now NY, Inc. (HealthNow), for summary judgment dismissing the amended complaint. Because that part of the amended order granting the motion of HMO-CNY is subsumed in the judgment subsequently entered by HMO-CNY that is the subject of appeal No. 2, we dismiss plaintiffs' appeal from that part of the amended order in appeal No. 1 granting the motion of HMO-CNY (*see Hughes v Nussbaumer, Clarke & Velzy*, 140 AD2d 988 [1988]; *Chase Manhattan Bank v Roberts & Roberts*, 63 AD2d 566, 567 [1978]; *see also* CPLR 5501 [a] [1]). With respect to the merits, we conclude that Supreme Court properly granted the motions of both defendants and dismissed the amended complaint, although our reasoning differs from that of the court with respect to the motion of HMO-CNY.

Plaintiff John Doe and his daughter, plaintiff Jane Doe, commenced this action seeking to recover medical expenses incurred by Jane Doe for inpatient medical care received by her while she was a college student. HealthNow issued a group health insurance policy insuring the partners and employees of the law firm of which John Doe is a partner, and Jane Doe was also covered by that policy. HMO-CNY is a managed care subsidiary of Blue Cross & Blue Shield of Central New York, which serves the territory where Jane Doe attended college. By contract issued directly to Jane Doe, HMO-CNY furnished coverage for her as a "guest member" while she resided outside the service area of HealthNow. In February 1998, Jane Doe's primary health care providers requested authorization from HMO-CNY for inpatient care for an eating disorder. Those requests were denied on the grounds that the services provided were "not the most appropriate course of treatment" and that the facility was a nonparticipating provider. Jane Doe nevertheless sought and received inpatient treatment at two out-of-state long-term care facilities from March 5, 1998 through June 4, 1998.

Plaintiffs commenced this action against HMO-CNY on July 14, 1999, seeking to recover the expenses incurred in those facilities. They sought leave to serve a supplemental summons and amended complaint adding HealthNow as a defendant in February 2001, and leave was granted by the court upon stipulation of the parties. The amended complaint asserts, in allegations directed at both defendants, causes of action for breach of contract, negligence, and "intentional tort." The action was

commenced against HealthNow by filing the supplemental summons and amended complaint on March 12, 2001.

 The court properly granted the motion of HealthNow, dismissing the amended complaint against HealthNow on the ground that the action was untimely commenced against it. Plaintiffs' contract with HealthNow provides that any action thereon must be commenced within two years from the date of the service for which payment is sought. Thus, the contractual limitations period here expired, at the latest, on June 4, 2000, more than nine months before the action was commenced against HealthNow.

We agree with the court that HealthNow is not "united in interest" with HMO-CNY so as to afford plaintiffs the benefit of the relation-back provision of CPLR 203 (c). Of the three prongs of the well-established *Brock v Bua* (83 AD2d 61, 68-71 [1981]) relation-back test adopted by the Court of Appeals in *Mondello v New York Blood Ctr.—Greater N.Y. Blood Program* (80 NY2d 219, 226 [1992]) and refined in *Buran v Coupal* (87 NY2d 173, 175 [1995]), plaintiffs have satisfied only the first prong, i.e., that "both claims arose out of the same conduct, transaction or occurrence" (*Mondello*, 80 NY2d at 226). Plaintiffs have failed to establish the second prong, i.e., that HealthNow is united in interest with HMO-CNY "and by reason of that relationship can be charged with such notice of the institution of the action that [HealthNow] will not be prejudiced in maintaining its defense on the merits by the delayed, otherwise stale, commencement" (*id.*), and the third prong, i.e., that HealthNow knew or should have known that, but for a mistake by plaintiffs in originally failing to identify all the proper parties, the action would have been brought against the additional party united in interest as well (*see Buran*, 87 NY2d at 179-182).

With respect to the second prong, the record establishes that HealthNow and HMO-CNY are separate, independent entities under separate and discrete contracts. Plaintiffs have failed to raise a triable issue of fact whether one defendant may be held vicariously liable for the other, or whether the respective interests of defendants " 'in the subject-matter [are] such that they stand or fall together and that judgment against one will similarly affect the other' " (*Mondello*, 80 NY2d at 226, quoting *Prudential Ins. Co. of Am. v Stone*, 270 NY 154, 159 [1936]).

Plaintiffs have also failed to meet their burden with respect to the third prong of establishing that HealthNow "knew or should have known within the limitations period that, but for a

mistake by plaintiffs concerning the identity of the proper party, the action would have been brought against [it]" (*Cole v Tat-Sum Lee*, 309 AD2d 1165, 1167 [2003]). Here, plaintiffs "were fully aware of the existence of" HealthNow and of the Health-Now group insurance contract with John Doe's law firm (*Matter of 27th St. Block Assn. v Dormitory Auth. of State of N.Y.*, 302 AD2d 155, 165 [2002]), and thus "[t]heir failure to join [Health-Now] was a mistake of law, 'which is not the type of mistake contemplated by the relation-back doctrine' " (*id.*, quoting *Matter of Brucha Mtge. Bankers Corp. v Commissioner of Labor of State of N.Y.*, 266 AD2d 211, 211 [1999], *lv dismissed in part and denied in part* 94 NY2d 893 [2000]; *see Somer & Wand v Rotondi*, 251 AD2d 567, 569 [1998]; *State of New York v Gruzen Partnership*, 239 AD2d 735, 736 [1997]; *see also Buran*, 87 NY2d at 181).

We also conclude that the court properly granted the motion of HMO-CNY for summary judgment dismissing the amended complaint against it, although for reasons different from those expressed by the court. Initially, we reject the contention of HMO-CNY that it established its entitlement to judgment based on the affidavit of one of its employees stating that, when Jane Doe, a "guest member" of the HMO-CNY health plan, sought treatment outside the geographic service area of HMO-CNY, her coverage reverted to the "home plan," under the HealthNow contract. That statement is unsupported by any documentation and, indeed, is belied by express provisions of the HMO-CNY contract and "Member Handbook." The contract provides that HMO-CNY will cover health services outside its service area either upon its prior approval or in an emergency, and the handbook instructs plan participants how to obtain benefits for such services.

We nevertheless conclude that the motion of HMO-CNY was properly granted. Contrary to plaintiffs' contention, the state common-law claims advanced in the amended complaint are preempted by the Employee Retirement Income Security Act of 1974 ([ERISA] 29 USC § 1001 *et seq.*; *see* § 1144 [a]; *Pilot Life Ins. Co. v Dedeaux*, 481 US 41, 44-46, 54 [1987]; *Silber v Silber*, 99 NY2d 395, 400-401 [2003], *cert denied* 540 US 817 [2003]). The HealthNow health insurance plan falls within 29 USC § 1002 (1) and provides benefits both to the owners of the law firm and employees thereof (*see Rand v Equitable Life Assur. Socy. of U.S.*, 49 F Supp 2d 111, 116-117 [ED NY 1999]). Contrary to plaintiffs' further contention, the preemption encom-

passes claims by health insurance plan participants for the alleged wrongful denial of benefits by a plan administrator that is also the insurer under the plan (*see Aetna Health Inc. v Davila*, 542 US 200, —, —, 124 S Ct 2488, 2495-2497, 2501-2502 [2004]).

Federal preemption of plaintiffs' claims does not by itself require dismissal of the amended complaint, however, inasmuch as state courts have concurrent jurisdiction over ERISA claims, even if not explicitly pleaded (*see* 29 USC § 1132 [e] [1]; *Piatko v Bethlehem Steel Corp.*, 134 AD2d 954 [1987]). In adjudicating such claims, state courts must apply the " 'federal common law of rights and obligations under ERISA-regulated plans' " (*Firestone Tire & Rubber Co. v Bruch*, 489 US 101, 110 [1989], quoting *Pilot Life Ins. Co.*, 481 US at 56; *see Montner v Interfaith Med. Ctr.*, 157 Misc 2d 583, 591 [1993]). Here, plaintiffs' ERISA claim can be asserted pursuant to 29 USC § 1132 (a) (1) (B), which authorizes the commencement of a civil action "by a participant or beneficiary . . . to recover benefits due to him [or her] under the terms of his [or her] plan."

Plaintiffs further contend, however, that their claims are not governed by ERISA because John Doe is a partner in the insured law firm and is therefore a plan "employer" rather than an "employee," "participant" or "beneficiary" as those terms are defined in ERISA (*see* 29 USC § 1002 [5]-[8]). The United States Supreme Court has recently held directly to the contrary in *Raymond B. Yates, M.D., P.C. Profit Sharing Plan v Hendon* (541 US 1, 6 [2004]), wherein Justice Ginsburg wrote:

> "If the plan covers one or more employees other than the business owner and his or her spouse, the working owner may participate on equal terms with other plan participants. Such a working owner, in common with other employees, qualifies for the protections ERISA affords plan participants and is governed by the rights and remedies ERISA specifies. In so ruling, we reject the position . . . that a business owner may rank only as an 'employer' and not also as an 'employee' for purposes of ERISA-sheltered plan participation."

The penultimate ERISA issue raised by plaintiffs concerns the applicable standard of judicial review of the denial of benefits to Jane Doe by HMO-CNY. As the Supreme Court held in *Firestone Tire & Rubber Co.* (489 US at 115, quoting Restatement [Second] of Trusts § 187, Comment *d* [1959]):

"[A] denial of benefits challenged under [section] 1132 (a) (1) (B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan . . . Of course, if a benefit plan gives discretion to an administrator or fiduciary who is operating under a conflict of interest, that conflict must be weighed as a 'facto[r] in determining whether there is an abuse of discretion.' "

The plan here unquestionably vests the plan administrator, HMO-CNY, with discretionary authority to determine eligibility for benefits and to construe the terms of the plan. The contract provides that HMO-CNY has "the authority and discretion to interpret this contract and to interpret any uncertain or disputed terms or provisions, including, but not limited to, determining whether a member is eligible for benefits and, if so, the amount of the benefits payable."

Plaintiffs, relying on *Sullivan v LTV Aerospace & Defense Co.* (82 F3d 1251 [2d Cir 1996]), contend that there is an issue of fact whether HMO-CNY had a conflict of interest, precluding summary judgment. They further contend that, if there was a conflict of interest that influenced the decision to deny plan benefits to Jane Doe, they would be entitled to a de novo review of that decision. We disagree with plaintiffs that there is an issue of fact whether the decision of HMO-CNY to deny plan benefits to Jane Doe was affected by a conflict of interest, and thus conclude as a matter of law that they are not entitled to a de novo review of that decision.

Because HMO-CNY was vested with discretionary authority, the applicable standard of judicial review is whether its determination was arbitrary and capricious (*see Sullivan*, 82 F3d at 1255; *Pagan v NYNEX Pension Plan*, 52 F3d 438, 441 [2d Cir 1995]). If, however, plaintiffs are able to establish that the plan administrator was in fact influenced by a conflict of interest, then "the deference otherwise afforded the plan administrator's decision under the arbitrary and capricious standard 'drops away,' and the court engages in *de novo* review" (*Snyder v First Unum Life Ins. Co.*, 2004 WL 1784334, \*2, 2004 US Dist LEXIS 16258, \*7 [WD NY 2004], quoting *Sullivan*, 82 F3d at 1256). Here, plaintiffs have not established that the decision of HMO-CNY was in fact influenced by a conflict of interest nor, as previously stated, have they raised an issue of fact in that respect. Indeed, the inference of a conflict of inter-

est that plaintiffs seek to draw from the merger of HMO-CNY with another health insurance provider is purely speculative. Thus, the appropriate standard of review here is whether HMO-CNY's determination was arbitrary and capricious. We recognize, however, as did the courts in *Pulvers v First UNUM Life Ins. Co.* (210 F3d 89 [2d Cir 2000]) and *Snyder*, that there is some degree of conflict of interest inherent in the fact that the same party (here, HMO-CNY) serves as both plan administrator and plan insurer. Although that circumstance "is alone insufficient as a matter of law to trigger stricter review" (*Pulvers*, 210 F3d at 92), it is nevertheless "a factor to be weighed 'in determining whether there has been an abuse of discretion' " (*id.*, quoting *Sullivan*, 82 F3d at 1255; *see Snyder*, 2004 WL 1784334, *2, 2004 US Dist LEXIS 16258, *7).

Contrary to plaintiffs' final contention, we conclude that the denial of benefits by HMO-CNY here was not arbitrary and capricious, even in view of the inherent conflict of interest, because it cannot be said that it was " 'without reason, unsupported by substantial evidence or erroneous as a matter of law' " (*Pulvers*, 210 F3d at 92, quoting *Pagan*, 52 F3d at 442). The HMO-CNY contract is replete with medical necessity requirements, and extends coverage for services outside the service area of HMO-CNY only in the event of prior approval for such services or if they are required by an emergency. Neither condition was met with respect to the expenses for the out-of-state services for which this action is brought. In addition, the refusal of HMO-CNY to authorize any inpatient treatment in March 1998 was reasonable in view of its finding, based on information from Jane Doe's medical care providers, that there was no need for inpatient care at that time.

Accordingly, we conclude with respect to appeal No. 1 that the part of the amended order therein granting the motion of HealthNow should be affirmed, and we conclude with respect to appeal No. 2 that the judgment therein also should be affirmed.

PIGOTT, Jr., P.J., GREEN, PINE and SCUDDER, JJ., concur.

It is hereby ordered that said appeal insofar as it concerns the motion of defendant HMO-CNY be and the same hereby is unanimously dismissed and the amended order is affirmed without costs.