■ In the Matter of BRUCE S. CYBUL et al., Appellants, v VILLAGE OF SCARSDALE et al., Respondents. [792 NYS2d 349]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Village of Scarsdale Planning Board dated July 30, 2003, which granted site-plan approval for the creation of a residential subdivision, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Westchester County (Jamieson, J.), entered December 19, 2003, which granted the respondents' motion to dismiss the petition for failure to join a necessary party, denied as academic the petitioners' cross motion for leave to amend their petition, and, in effect, dismissed the proceeding.

Ordered that the order and judgment is affirmed, with costs.

A party whose interest may be adversely affected by a potential judgment must be made a party in a CPLR article 78 proceeding (*see* CPLR 1001 [a]; *Matter of Martin v Ronan*, 47 NY2d 486 [1979]; *Matter of Lodge v D'Aliso*, 2 AD3d 525 [2003]). The Supreme Court properly, in effect, dismissed the proceeding for failure to timely join the landowner as a necessary party (*see Matter of East Bayside Homeowners Assn., Inc. v Chin*, 12 AD3d 370 [2004], *lv denied* 4 NY3d 704 [2005]; *Matter of Ferruggia v Zoning Bd. of Appeals of Town of Warwick*, 5 AD3d 682 [2004]; *Matter of Long Is. Pine Barrens Socy. v Town of Islip*, 286 AD2d 683 [2001]; *Matter of Karmel v White Plains Common Council*, 284 AD2d 464, 465 [2001]). The petitioners' failure to adequately explain why they did not name the landowner as a party in the first instance despite being aware of its identity precludes them from proceeding in the landowner's absence (*see* CPLR 1001 [b]; *Matter of East Bayside Homeowners Assn., Inc. v Chin, supra; Matter of Lodge v D'Aliso, supra*).

In light of our determination, we need not reach the parties' remaining contentions. Cozier, J.P., S. Miller, Mastro and Skelos, JJ., concur.