■ WINDY RIDGE FARM et al., Appellants, v ASSESSOR OF THE
TOWN OF SHANDAKEN et al., Respondents. [845 NYS2d 861]—

Carpinello, J. Appeal from a judgment of the Supreme Court
(Kavanagh, J.), entered July 20, 2006 in Ulster County, which,
in a proceeding pursuant to CPLR article 78, granted certain
respondents' motions to dismiss the petition and amended peti-
tion.

Petitioners each own property in the Town of Shandaken,
Ulster County. On October 31, 2005, they commenced this CPLR
article 78 proceeding against respondent Assessor of the Town
of Shandaken contending that the methodology employed by
her during tax year 2005 was unconstitutional. It is undisputed
that the original petition named only the Assessor as a respon-
dent and failed to name either respondent Ulster County or re-
spondent Onteora Central School District as a party. By the
time an amended petition adding these entities was filed, the
statute of limitations had expired. At issue is a judgment of
Supreme Court which dismissed this proceeding on two distinct
grounds, namely, statute of limitations and failure to join neces-
sary parties. Petitioners appeal.

Petitioners' failure to timely join Ulster County and the
School District, which are clearly necessary parties, mandated
dismissal of the proceeding (see Matter of Haddad v City of
Hudson, 6 AD3d 1018 [2004]; see also Matter of Resnick v Town
of Canaan, 38 AD3d 949, 951 [2007]). While petitioners argue
that they should be afforded the benefit of the relation back
doctrine (see Buran v Coupal, 87 NY2d 173, 178 [1995]), we are
unpersuaded. In short, their failure to name Ulster County and
the School District in the first instance cannot be viewed as a
" 'mistake by [petitioners] as to the identity of the proper par-
ties' " (id., quoting Brock v Bua, 83 AD2d 61, 69 [1981]), but
rather a mistake of law not encompassed by the doctrine (see
e.g. Doe v HMO-CNY, 14 AD3d 102, 105-106 [2004]; Matter of
Ferruggia v Zoning Bd. of Appeals of Town of Warwick, 5 AD3d
682, 683 [2004]; Matter of 27th St. Block Assn. v Dormitory
Auth. of State of N.Y., 302 AD2d 155, 165 [2002]; Matter of
Brucha Mtge. Bankers Corp. v Commissioner of Labor of State
of N.Y., 266 AD2d 211, 211-212 [1999], lv dismissed and denied
94 NY2d 893 [2000]; Somer & Wand v Rotondi, 251 AD2d 567,

568-569 [1998]; *State of New York v Gruzen Partnership*, 239 AD2d 735, 736 [1997]). In other words, petitioners were clearly "fully aware" of the identity and existence of both Ulster County and the School District (*Doe v HMO-CNY*, 14 AD3d at 106 [internal quotation marks and citation omitted]; *see Matter of Baker v Town of Roxbury*, 220 AD2d 961, 963-964 [1995], *lv denied* 87 NY2d 807 [1996]) but, apparently,* failed to appreciate that these entities were legally required to be named in proceedings of this type (*see Matter of Resnick v Town of Canaan, supra; Matter of Haddad v City of Hudson, supra*), which is a mistake of law. Given our finding on this particular issue, we need not address whether there was a unity of interest between these parties for the purpose of the relation back doctrine or the propriety of that part of Supreme Court's decision which dismissed the proceeding on statute of limitations grounds.

As a final matter, we are unpersuaded that this Court should remit the matter to Supreme Court for a determination as to whether this proceeding may proceed in the absence of these necessary parties pursuant to the discretionary factors outlined under CPLR 1001 (b) (*see Matter of Romeo v New York State Dept. of Educ.*, 41 AD3d 1102 [2007]).

Cardona, P.J., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* Notably, the record contains no explanation by petitioners for their failure to timely name Ulster County and the School District as respondents (*see Matter of Ogbunugafor v New York State Educ. Dept.*, 279 AD2d 738, 740 [2001], *lv denied* 96 NY2d 712 [2001]; *Matter of Baker v Town of Roxbury*, 220 AD2d at 963-964).