▮ In the Matter of PETER CALTAGIRONE et al., Appellants, v ZONING BOARD OF APPEALS et al., Respondents. [852 NYS2d 850]—

A person whose interest may be adversely affected by a potential judgment must be made a party in a CPLR article 78 proceeding (*see* CPLR 1001 [a]; *Matter of Martin v Ronan*, 47 NY2d 486, 490 [1979]; *Matter of Cybul v Village of Scarsdale*, 17 AD3d 462, 463 [2005]; *cf. Matter of Red Hook/Gowanus Chamber of Commerce v New York City Bd. of Stds. & Appeals*, 49 AD3d 749 [2008] [decided herewith]). Here, the Supreme Court, after correctly balancing the factors articulated in CPLR 1001 (b) (*see Matter of Red Hook/Gowanus Chamber of Commerce v New York City Bd. of Stds. & Appeals*, 5 NY3d 452 [2005]), properly dismissed the proceeding for failure to timely join the landowners as necessary parties (*see Matter of Cybul v Village of Scarsdale*, 17 AD3d 462, 463 [2005]; *Matter of East Bayside Homeowners Assn., Inc. v Chin*, 12 AD3d 370, 371 [2004]; *Matter of Ferruggia v Zoning Bd. of Appeals of Town of Warwick*, 5 AD3d 682 [2004]; *Matter of Long Is. Pine Barrens Socy. v Town of Islip*, 286 AD2d 683 [2001]; *Matter of Karmel v White Plains Common Council*, 284 AD2d 464, 465 [2001]).

The petitioners' remaining contentions are unpreserved for appellate review, without merit, or need not be reached in light of our determination. Skelos, J.P., Santucci and Carni, JJ., concur.

Lifson, J. (concurring and voting to affirm the judgment with the following memorandum): I join in the determination of my

colleagues to affirm the judgment appealed from. Under the circumstances presented herein, I can discern no basis to conclude that the Supreme Court either abused or improvidently exercised its discretion in determining that the proceeding could not continue in the absence of a necessary and indispensable parties, to wit, the owners of the land benefitting from the grant of the variance under attack. The Supreme Court gave due deference and properly weighed the factors set forth in CPLR 1001 (b) (cf. *Matter of Red Hook/Gowanus Chamber of Commerce v New York City Bd. of Stds. & Appeals,* 49 AD3d 749 [2008] [decided herewith]).