# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**159**

**CA 12-01405**

PRESENT: CENTRA, J.P., FAHEY, CARNI, SCONIERS, AND VALENTINO, JJ.

---

KATELYN KIRK, AN INFANT CHILD UNDER THE AGE
OF TEN (10) YEARS, BY HER PARENT AND NATURAL
GUARDIAN, CHRISTY A. KIRK, AND CHRISTY A.
KIRK, INDIVIDUALLY, PLAINTIFFS-RESPONDENTS,

V                                              MEMORANDUM AND ORDER

UNIVERSITY OB-GYN ASSOCIATES, INC.,
DEFENDANT-APPELLANT,
ET AL., DEFENDANTS.
------------------------------------------------
JOHN FOLK, M.D., APPELLANT.

---

MARTIN, GANOTIS, BROWN, MOULD & CURRIE, P.C., DEWITT (DANIEL P. LARABY
OF COUNSEL), FOR DEFENDANT-APPELLANT AND APPELLANT.

GREENE & REID, PLLC, SYRACUSE (JAMES T. SNYDER OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Onondaga County (James
P. Murphy, J.), entered October 13, 2011. The order, inter alia,
granted the motion of plaintiffs for leave to file and serve an
amended summons and complaint to substitute John Folk, M.D. as a
party.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this medical malpractice action
seeking damages for injuries sustained by Katelyn Kirk (infant
plaintiff) during her delivery. The complaint named as defendants the
hospital where the delivery occurred, University OB-GYN Associates,
Inc., a medical practice group (University Associates), Robert
Silverman, M.D., and "John Doe, M.D. and Jane Roe, M.D."
(collectively, defendant physicians). The complaint alleged that
defendant physicians were employed by or associated with University
Associates and committed malpractice in their prenatal care and
treatment of the infant plaintiff. Approximately one year after the
expiration of the statute of limitations, plaintiffs moved for leave
to amend their complaint by substituting nonparty John Folk, M.D.'s
name in place of John Doe, M.D. Plaintiffs contended in support of
their motion that, although Dr. Silverman was the primary obstetrician
for plaintiff Christy A. Kirk during her pregnancy, he was unavailable
to deliver the infant plaintiff. Plaintiffs alleged that, after

filing the complaint, they became aware that Dr. Folk, who was also employed by or associated with University Associates, was the attending physician who delivered the infant plaintiff and thus was "a proper party to th[e] action."

Contrary to the contention of University Associates and Dr. Folk (collectively, appellants), Supreme Court properly granted the motion. Plaintiffs met their burden of establishing the applicability of the relation back doctrine (*see generally Cardamone v Ricotta*, 47 AD3d 659, 660), and appellants failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). The relation back doctrine, set forth in *Brock v Bua* (83 AD2d 61, 68-71), adopted by the Court of Appeals in *Mondello v New York Blood Ctr. - Greater N.Y. Blood Program* (80 NY2d 219, 226), and refined in *Buran v Coupal* (87 NY2d 173, 177-182), allows the addition of a party after the expiration of the statute of limitations if (1) both claims arose out of the same conduct, transaction, or occurrence, (2) the additional party is united in interest with the original party, and by reason of that relationship can be charged with notice of the institution of the action such that he or she will not be prejudiced in maintaining a defense on the merits, and (3) the additional party knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against the additional party as well (*see Buran*, 87 NY2d at 178; *Doe v HMO-CNY*, 14 AD3d 102, 105; *see also* CPLR 203 [b]). "[T]he 'linchpin' of the relation back doctrine [is] notice to the defendant within the applicable limitations period" (*Buran*, 87 NY2d at 180).

Appellants do not dispute that the first prong of the relation back doctrine is satisfied because the claims against Dr. Folk and the original defendants arise out of the same occurrence, i.e., the infant plaintiff's birth, and we conclude that the second prong is satisfied as well (*see id.* at 178-179). With respect to the third prong, the Court of Appeals made it clear that "New York law requires merely mistake—not excusable mistake—on the part of the litigant seeking the benefit of the doctrine" (*id.* at 176). Appellants contend that here there was no mistake and only neglect on the part of plaintiffs. We agree with plaintiffs, however, that even if they were negligent, there was still a mistake by plaintiffs in failing to identify Dr. Folk as a defendant.

Entered:  March 15, 2013                    Frances E. Cafarell
                                            Clerk of the Court