■ In the Matter of JEROME FEDER et al., Respondents, v TOWN OF ISLIP ZONING BOARD OF APPEALS, Appellant, et al., Respondents. BARRY WETHERALL et al., Nonparty Appellants.
[980 NYS2d 537]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Islip

dated September 9, 2008, which, after a hearing, granted the application for area variances made by nonparties Barry Wetherall and Harriet Wetherall, inter alia, for a shed and outdoor shower stall, (1) the Zoning Board of Appeals of the Town of Islip appeals, as limited by its brief, from stated portions of an order of the Supreme Court, Suffolk County (Mayer, J.), dated November 15, 2011, which, inter alia, granted that branch of the petitioners' motion which was to compel the Building Commissioner for the Town of Islip to revoke that portion of a certificate of compliance which relates to a shed and outdoor shower stall on property owned by nonparties Barry Wetherall and Harriet Wetherall, and (2) the Zoning Board of Appeals of the Town of Islip and nonparties Barry Wetherall and Harriet Wetherall separately appeal, as limited by their respective briefs, from so much of a judgment of the same court entered April 3, 2012, as granted those branches of the petition which were to annul so much of the determination as granted the area variances for a shed and outdoor shower stall on property owned by nonparties Barry Wetherall and Harriet Wetherall, annulled those portions of the determination, remitted the matter to the Zoning Board of Appeals for the Town of Islip, and directed the Building Commissioner for the Town of Islip to revoke that portion of the certificate of compliance which relates to a shed and outdoor shower stall on property owned by nonparties Barry Wetherall and Harriet Wetherall.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, that branch of the petitioners' motion which was to compel the Building Commissioner for the Town of Islip to revoke that portion of the certificate of compliance which relates to a shed and outdoor shower stall on property owned by nonparties Barry Wetherall and Harriet Wetherall is denied, the order is modified accordingly, those branches of the petition which were to annul so much of the determination as granted the area variances for a shed and outdoor shower stall on property owned by nonparties Barry Wetherall and Harriet Wetherall are denied, and those portions of the proceeding are dismissed.

The appeal from the intermediate order dated November 15, 2011, must be dismissed, since an order made in CPLR article 78 proceeding is not appealable as of right (*see* CPLR 5701 [b] [1]), and any possibility of taking a direct appeal therefrom terminated with the entry of the judgment in the proceeding (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised

on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

By determination dated September 9, 2008, made after a hearing, the Zoning Board of Appeals for the Town of Islip (hereinafter the ZBA) granted an application made by nonparties Barry Wetherall and Harriet Wetherall (hereinafter the Wetheralls) for area variances for a shed, outdoor shower stall, and garbage bin. The petitioners commenced this proceeding to annul the ZBA's determination. Although the petition included the Wetheralls as respondents in the proceeding, by order dated April 28, 2010, the Supreme Court granted the Wetheralls' motion to dismiss the proceeding insofar as asserted against them, finding that the petitioners' attempt to serve the Wetheralls pursuant to the CPLR 308 (4) "affix and mail" method was defective as a matter of law. On December 16, 2010, the Supreme Court issued a decision, made after a hearing, to annul the ZBA's determination, finding that it had failed to consider the required factors set forth in Town Law § 267-b (3) (b).

After this proceeding was commenced, and before the judgment annulling the ZBA's determination was entered, the Department of Planning and Development for the Town of Islip issued a certificate of compliance, inter alia, for the shed and outdoor shower stall on the Wetheralls' property. By order to show cause dated March 15, 2011, three months after the Supreme Court issued its decision annulling the ZBA's determination, the petitioners moved to compel the Building Commissioner for the Town of Islip (hereinafter the Building Commissioner) to revoke the certificate of compliance. The Wetheralls were served with the order to show cause and appeared before the court to oppose the motion. The Supreme Court granted that branch of the petitioners' motion which was to compel the Building Commissioner to revoke that portion of the certificate of compliance which relates to the shed and outdoor shower stall.

A party whose interest may be adversely affected by a potential judgment must be made a party to a CPLR article 78 proceeding (*see* CPLR 1001 [a]; *Matter of Karmel v White Plains Common Council*, 284 AD2d 464 [2001]). A landowner who has obtained a variance is a necessary party in a proceeding challenging the variance (*see Matter of Ferruggia v Zoning Bd. of Appeals of Town of Warwick*, 5 AD3d 682 [2004]; *Matter of Long Is. Pine Barrens Socy. v Town of Islip*, 286 AD2d 683 [2001]; *Matter of Karmel v White Plains Common Council*, 284 AD2d

464 [2001]). Here, the petitioners do not dispute that the Wetheralls are necessary parties. Instead, they contend that the Supreme Court properly permitted the proceedings to continue in the Wetheralls' absence after considering the factors set forth in CPLR 1001 (b).

A court may excuse the failure to join a necessary party and allow an action to proceed in the interest of justice upon consideration of five factors enumerated in CPLR 1001 (b): (1) whether the petitioner has another remedy if the action is dismissed for nonjoinder, (2) the prejudice that may accrue from nonjoinder to the respondent or to the nonjoined party, (3) whether and by whom prejudice might have been avoided or may in the future be avoided, (4) the feasibility of a protective provision, and (5) whether an effective judgment may be rendered in the absence of the nonjoined party (*see Matter of Red Hook/Gowanus Chamber of Commerce v New York City Bd. of Stds. & Appeals*, 49 AD3d 749 [2008]).

In this case, the second through fifth factors weigh in favor of not permitting the proceeding to continue in the Wetheralls' absence. As to the second factor, the Wetheralls suffered great prejudice due to the fact that the proceeding continued in their absence. While the remaining respondents sought dismissal of the proceeding, and therefore have overlapping interests with the Wetheralls, there was no guarantee that these respondents would protect the Wetheralls' interests, since the Wetheralls, as property owners, had interests different from those of the respondents (*see Matter of Red Hook/Gowanus Chamber of Commerce v New York City Bd. of Stds. & Appeals*, 5 NY3d 452, 457 [2005]; *Matter of Red Hook/Gowanus Chamber of Commerce v New York City Bd. of Stds. & Appeals*, 49 AD3d at 752-753; *Matter of Fagelson v McGowan*, 301 AD2d 652 [2003]). As to the third factor, the petitioners easily could have avoided prejudice to the Wetheralls by properly serving them with the notice of petition and petition. Moreover, although the Wetheralls could have avoided any prejudice by voluntarily consenting to the jurisdiction of the court, that fact is outweighed by the petitioners' failure to set forth any reasonable excuse for their failure to properly serve the Wetheralls (*see Matter of Red Hook/Gowanus Chamber of Commerce v New York City Bd. of Stds. & Appeals*, 49 AD3d at 753; *Matter of Cybul v Village of Scarsdale*, 17 AD3d 462, 463 [2005]; *Matter of East Bayside Homeowners Assn., Inc. v Chin*, 12 AD3d 370 [2004]). As to the fourth factor, a protective provision is not feasible here, since vacatur of the variances directly affects the Wetheralls' interest in the use of their real property. Finally, the fifth factor also weighs against proceeding

in the Wetheralls' absence, as it is questionable whether an effective judgment may be rendered without the Wetheralls' participation in the proceeding (*see Matter of Red Hook/ Gowanus Chamber of Commerce v New York City Bd. of Stds. & Appeals*, 49 AD3d at 753).

Accordingly, upon considering the five factors enumerated in CPLR 1001 (b), we conclude that the Wetheralls are indispensable parties. Accordingly, the Supreme Court should have denied that branch of the petitioners' motion which was to compel the Building Commissioner for the Town of Islip to revoke that portion of the certificate of compliance which relates to a shed and outdoor shower stall on property owned by the Wetheralls, denied those branches of the petition which were to annul so much of the determination as granted the area variances for a shed and outdoor shower stall on property owned by the Wetheralls, and dismissed those portions of the proceeding.

The remaining contentions of the parties need not be reached in light of our determination. Balkin, J.P., Chambers, Lott and Hinds-Radix, JJ., concur.

---

Motion by the petitioners-respondents on appeals from an order of the Supreme Court, Suffolk County, dated November 15, 2011, and a judgment of the same court entered April 3, 2012, inter alia, to dismiss the appeal by Barry Wetherall and Harriet Wetherall on the ground that they are not proper appellants. By decision and order on motion of this Court dated February 26, 2013, that branch of the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is

Ordered that the branch of the motion which is to dismiss the appeal by Barry Wetherall and Harriet Wetherall on the ground that they are not proper appellants is denied. Balkin, J.P., Chambers, Lott and Hinds-Radix, JJ., concur.