Matter of Germain v Town of Chester Planning Bd. (2019 NY Slip Op 09003)





Matter of Germain v Town of Chester Planning Bd.


2019 NY Slip Op 09003


Decided on December 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-08761
2018-14585
 (Index No. 12/16)

[*1]In the Matter of Leonard L. Germain, Jr., appellant,
v
Town of Chester Planning Board, et al., respondents.


Sussman and Associates, Goshen, NY (Jonathan R. Goldman and Michael H. Sussman of counsel), for appellant.
Dickover, Donnelly & Donovan, LLP, Goshen, NY (David A. Donovan of counsel), for respondent Town of Chester Planning Board.
Drake Loeb PLLC, New Windsor, NY (Ralph L. Puglielle, Jr., of counsel), for respondent Primo Sports.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Town of Chester Planning Board dated December 2, 2015, granting the application of the respondent Primo Sports for site plan approval of the subject property, the petitioner appeals from (1) an order of the Supreme Court, Orange County (Elaine Slobod, J.), dated May 8, 2018, and (2) a judgment of the same court dated October 29, 2018. The order granted the respondents' separate motions to dismiss the petition insofar as asserted against each of them. The judgment, upon the order, in effect, denied the petition and dismissed the proceeding.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the respondents Town of Chester Planning Board and Primo Sports.
The appeal from the intermediate order must be dismissed, since an order made in a CPLR article 78 proceeding is not appealable as of right (see CPLR 5701[b][1]), and any possibility of taking a direct appeal therefrom terminated with the entry of the judgment in the proceeding (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The respondent Primo Sports applied to the respondent Town of Chester Planning Board (hereinafter the Planning Board) for site plan approval allowing the construction of a sports complex on property owned by the respondent Chill Factor Cooling, LLC (hereinafter Chill Factor). The Planning Board granted the application. The petitioner commenced this CPLR article 78 [*2]proceeding against Primo Sports and the Planning Board, seeking annulment of the Planning Board's determination. Thereafter, Primo Sports and the Planning Board separately moved to dismiss the petition insofar as asserted against each of them on the ground that the petitioner failed to join Chill Factor, a necessary party. Subsequently, Chill Factor was joined as a respondent. The respondents then separately moved to dismiss the petition insofar as asserted against each of them on the ground that the statute of limitations had expired with respect to Chill Factor. The Supreme Court granted the motions and, in effect, denied the petition and dismissed the proceeding. The petitioner appeals.
We agree with the Supreme Court's determination to grant dismissal of the petition for failure to timely join the landowner, Chill Factor (see Matter of Karmel v White Plains Common Council, 284 AD2d 464; Matter of Baker v Town of Roxbury, 220 AD2d 961). The applicable statute of limitations had expired with respect to Chill Factor, and the petitioner could have joined Chill Factor only if the relation-back doctrine applied (see Buran v Coupal, 87 NY2d 173, 178; Matter of Karmel v White Plains Common Council, 284 AD2d at 464). Contrary to the petitioner's contention, however, the relation-back doctrine does not apply here because Chill Factor was not united in interest with Primo Sports. The respective interests of Primo Sports and Chill Factor are not such that they "stand or fall together and that judgment against one will similarly affect the other" (Matter of Ferruggia v Zoning Bd. of Appeals of Town of Warwick, 5 AD3d 682, 683 [internal quotation marks omitted]; see Matter of Sullivan v Planning Bd. of the Town of Mamakating, 151 AD3d 1518).
Moreover, the petitioner failed to demonstrate a mistake as to the identity of the proper party or parties at the time of the original pleading (see Matter of Ayuda Re Funding, LLC v Town of Liberty, 121 AD3d 1474; Windy Ridge Farm v Assessor of Town of Shandaken, 45 AD3d 1099, affd 11 NY3d 725). The petitioner's mistake was one of law, which is not the type of mistake contemplated by the relation-back doctrine (see Matter of Ferruggia v Zoning Bd. of Appeals of Town of Warwick, 5 AD3d at 683).
AUSTIN, J.P., DUFFY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court