Matter of Wood v Village of Painted Post (2023 NY Slip Op 02447)

Matter of Wood v Village of Painted Post

2023 NY Slip Op 02447

Decided on May 5, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CURRAN, MONTOUR, AND OGDEN, JJ.

991 CA 22-00393

[*1]IN THE MATTER OF WILLIAM A. WOOD, MONIKA WOOD, WARD MICHAEL HANSFORD, ANITA DENISE YEE-HANSFORD, DAVID M. KOENIG AND GEORGINA MACMAHON, PETITIONERS-APPELLANTS,
v
VILLAGE OF PAINTED POST, PAINTED POST PLANNING BOARD, PAINTED POST DEVELOPMENT LLC, AND TYOGA CONTAINER CO., RESPONDENTS-RESPONDENTS. 

LIPPES & LIPPES, BUFFALO (RICHARD J. LIPPES OF COUNSEL), FOR PETITIONERS-APPELLANTS. 
HODGSON RUSS LLP, BUFFALO (HENRY A. ZOMERFELD OF COUNSEL), FOR RESPONDENTS-RESPONDENTS VILLAGE OF PAINTED POST, PAINTED POST PLANNING BOARD, AND PAINTED POST DEVELOPMENT LLC. 

 Appeal from a judgment (denominated order) of the Supreme Court, Steuben County (Patrick F. McAllister, A.J.), entered August 26, 2021 in a proceeding pursuant to CPLR article 78. The judgment granted respondents' motion to dismiss the amended petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioners commenced this CPLR article 78 proceeding seeking to annul a determination of respondent Painted Post Planning Board (Planning Board) granting the application of respondent Tyoga Container Co. (Tyoga) for site plan approval for construction and operation of a warehouse and trucking distribution facility on a parcel of land located in respondent Village of Painted Post (Village). The petition was filed against the Village, the Planning Board, and Tyoga, who jointly answered and asserted among their objections in point of law that the petition should be dismissed for failure to timely name the title owner of the parcel as a respondent. Supreme Court granted petitioners' subsequent motion for permission to amend the petition to add respondent Painted Post Development LLC (PPD) and reserved decision on the motion to dismiss until PPD had an opportunity to answer. After petitioners filed their amended petition, respondents answered jointly and moved to dismiss the amended petition based on petitioners' failure to timely join a necessary party. The court granted respondents' motion, and petitioners now appeal. We affirm.
We reject petitioners' contention that the court erred in determining that PPD was a necessary party. Even assuming, arguendo, that the record supports petitioners' contention that PPD entered into a contract to sell the subject parcel to Tyoga and that Tyoga was thus a contract vendee and the parcel's "equitable owner" (Bean v Walker, 95 AD2d 70, 72 [4th Dept 1983]), we conclude that PPD, as the parcel's title owner, remained a necessary party to the litigation pursuant to CPLR 1001 (a) (see Matter of Ferruggia v Zoning Bd. of Appeals of Town of Warwick, 5 AD3d 682, 682-683 [2d Dept 2004]; Matter of Artrip v Incorporated Vil. of Piermont, 267 AD2d 457, 457-458 [2d Dept 1999]; see also Franklin Park Plaza, LLC v V & J Natl. Enters., LLC, 57 AD3d 1450, 1452 [4th Dept 2008]).
We further conclude that the court properly granted respondents' motion based on petitioners' failure to timely commence the proceeding against PPD. It is undisputed that [*2]petitioners failed to commence their article 78 proceeding against PPD within 30 days after the Planning Board's decision was filed with the village clerk (see Village Law § 7-725-a [11]; Matter of Citizens Against Sprawl-Mart v City of Niagara Falls, 35 AD3d 1190, 1191 [4th Dept 2006], lv dismissed 9 NY3d 858 [2007]), and we reject petitioners' contention that PPD was properly added after the expiration of the statute of limitations under the relation back doctrine. In order for the relation back doctrine to apply, a petitioner is required to establish that "(1) both claims arose out of the same conduct, transaction, or occurrence, (2) the additional party is united in interest with the original party, and by reason of that relationship can be charged with notice of the institution of the action such that he or she will not be prejudiced in maintaining a defense on the merits, and (3) the additional party knew or should have known that, but for a mistake by the [petitioner] as to the identity of the proper parties, the action would have been brought against the additional party as well" (Kirk v University OB-GYN Assoc., Inc., 104 AD3d 1192, 1193-1194 [4th Dept 2013]; see Buran v Coupal, 87 NY2d 173, 178 [1995]). We conclude that the relation back doctrine does not apply here inasmuch as petitioners' error was a mistake of law not encompassed by the doctrine (see Windy Ridge Farm v Assessor of Town of Shandaken, 45 AD3d 1099, 1099-1100 [3d Dept 2007], affd 11 NY3d 725 [2008]; Doe v HMO-CNY, 14 AD3d 102, 106 [4th Dept 2004]). Petitioners simply "failed to appreciate that [PPD was] legally required to be named in proceedings of this type" (Windy Ridge Farm, 45 AD3d at 1100; see Matter of Ayuda Re Funding, LLC v Town of Liberty, 121 AD3d 1474, 1476 [3d Dept 2014]).
In light of our determination, we do not address petitioners' remaining contentions (see Windy Ridge Farm, 45 AD3d at 1100; Matter of Jim Ludtka Sporting Goods, Inc. v City of Buffalo School Dist., 48 AD3d 1103, 1104 [4th Dept 2008], lv denied 11 NY3d 704 [2008]; Matter of Baker v Town of Roxbury, 220 AD2d 961, 964 [3d Dept 1995], lv denied 87 NY2d 807 [1996]).
Entered: May 5, 2023
Ann Dillon Flynn
Clerk of the Court