107 F.3d 3
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Mikail MUWWAKKIL, a/k/a Michael Negron, Appellant,
v.
Robert HOKE, Superintendent of the Eastern Correctional
Facility, in his individual capacity; Donald Weinberger,
Administrator of the Second Judicial Department's Assigned
Counsel Plan ("18-B Panel"), in his individual capacity;
Malvina Nathanson and George Spinakos, former Administrators
of the 18-B Panel, in their individual capacities; Martin
H. Brownstein, Clerk of the Second Department, in his
individual capacity; Irving Selkin, former Clerk of the
Department, in his individual capacity; Arnold Edman and
Mel Harris, Deputy Clerks of the Second Department, in their
individual capacities; and Martin G. Brownstein, Samuel D.
Reidel and Sidney Ackerman, the former Deputy Clerks of the
Second Department, in their individual capacities,
Defendants-Appellees.
 No. 96-2394.
 United States Court of Appeals, Second Circuit.
 Feb. 21, 1997.
 
 APPEARING FOR APPELLANT: ROBERT ROSENTHAL, New York, NY.
 APPEARING FOR DEFENDANTS-APPELLEES: CAROLYN CAIRNS OLSON, Assistant Attorney General, THOMAS D. HUGHES, Assistant Solicitor General, (Dennis C. Vacco, Attorney General), New York, NY.
 Before JACOBS, CALABRESI and LAY,* Circuit Judges.
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York, and was argued by counsel.
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED.
 In October 1977, Mikail Muwwakkil was convicted in New York state court of second degree murder, and was sentenced to 25 years to life imprisonment. This case is a chapter in Muwwakkil's various attempts to obtain relief for a thirteen-year delay in his state court appeal. Specifically, Muwwakkil has filed a § 1983 action in the Eastern District of New York, styled as an amendment to an earlier petition for habeas corpus. The district court (Korman, J.) dismissed the complaint as time-barred, and Muwwakkil appeals.
 
 I. Background
 
 1
 After Muwwakkil's sentencing on October 25, 1977, he filed a notice of appeal and was assigned counsel to represent him on his appeal in state court. Muwwakkil's assigned counsel evidently failed to pursue the appeal, and it was dismissed by the Appellate Division, Second Department on June 29, 1985. This event did not come to Muwwakkil's attention until March of 1990, when he wrote to and received back a letter from the Second Department dated March 13, 1990, which then informed Muwwakkil of the dismissal.
 
 
 2
 In June 1990, Muwwakkil filed a pro se habeas petition in federal court. The district court for the Eastern District of New York (Korman, J.), denied the petition on the condition that the Appellate Division reinstate and decide the appeal within nine months. See Muwwakkil v. Hoke, 968 F.2d 284, 285 (2d Cir.1992). The appeal was reinstated, new counsel was assigned, and Muwwakkil's murder conviction was affirmed on May 13, 1991. Further leave to appeal was denied by the New York Court of Appeals.
 
 
 3
 On July 31, 1991, Muwwakkil moved to amend his earlier petition of habeas corpus in the district court. The motion was denied, but a certificate of probable cause was issued. On appeal before this Court, we found that the thirteen-year delay had indeed violated Muwwakkil's constitutional rights. However, because Muwwakkil had made no showing of prejudice to his appeal, the habeas petition was denied. Muwwakkil, 968 F.2d at 285. We then remanded for Muwwakkil "to pursue other remedies which may be available to him." Id. at 286.
 
 
 4
 Following the denial of Muwwakkil's petition for certiorari on December 17, 1992, and the denial of New York State Executive Clemency on September 13, 1993, Muwwakkil wrote a pro se letter to the district court. This letter, dated May 9, 1994, states (in its entirety):
 
 Dear Judge Korman:
 
 5
 Be advised that I am writing in reference to the above captioned matter [referring to the habeas petition].
 
 
 6
 The Second Circuit in denying habeas relief stated "although habeas relief is not available Muwwakkil has been deprived of his rights. We therefore remand the case to the district court in order to allow Muwwakkil to pursue other remedies which may be available to him." Muwwakkil v. Hoke, 986 F.2d 284, 286 (2d Cir.1992). As of this date nothing has happened with my case concerning the remand from the Second Circuit. The remedy that is available to me is to be given the opportunity to amend my petition to be recast as a complaint for damages. See Wallace v. Leonardo, 827 F.Supp. 150 (W.D.N.Y.1993).
 
 
 7
 WHEREFORE, petitioner request [sic] an order in accord with the Second Circuit to recast his petition for damages and assignment of counsel.
 
 Respectfully yours, Mika'il Muwwakkil
 
 8
 The district court responded five days later with an order: "The petitioner is granted leave to file whatever cause of action he may see fit to file." The district court did not address Muwwakkil's request for counsel.
 
 
 9
 Thereafter, Muwwakkil began to send out letters to find a lawyer. Ultimately, he obtained his present counsel, who then contacted the district court to ascertain how to proceed, and was informed that he may file an amended complaint without a motion seeking leave to amend.
 
 
 10
 Muwwakkil filed the complaint at issue in this appeal on March 1, 1995. The complaint, styled as a § 1983 claim, alleges causes of action against 1) the prison superintendent; 2) various administrators of the 18-B Panel that assigned the delinquent counsel to Muwwakkil for his first, neglected, appeal; and 3) past and present clerks and deputy clerks of the Second Department. Muwwakkil sued all defendants for damages in their individual capacities, except for the superintendent, who was sued in his individual capacity for injunctive relief. Superintendent Hoke is the only defendant who was also named in the habeas petitions.
 
 
 11
 Both Muwwakkil and the defendants moved for summary judgment. On April 23, 1996, the district court dismissed Muwwakkil's complaint as time-barred. Judge Korman found that 1) the latest possible accrual date for Muwwakkil's cause of action was the date his conviction was affirmed, i.e., May 13, 1991; 2) the action did not relate back to the July 1991 motion to amend the habeas petition, because the requirements of Fed.R.Civ.P. 15(c) were not met. We agree with Judge Korman's rulings and reasoning.
 
 II. Discussion
 
 12
 On appeal, Muwwakkil argues that: 1) his § 1983 complaint was timely, and 2) appellees lack judicial, quasi-judicial, or qualified immunity. Because we conclude that Muwwakkil's § 1983 complaint is untimely, we need not address the question of immunity.
 
 
 13
 In an action under § 1983, "the length of the limitation period is governed by state law." Okure v. Owens, 816 F.2d 45, 47 (2d Cir.1987), aff'd, 488 U.S. 235 (1989). Under New York law, the relevant limitation period is three years. See Leon v. Murphy, 988 F.2d 303, 309 (2d Cir.1993).
 
 
 14
 There is some question as to when Muwwakkil's cause of action accrued. The district court found that May 13, 1991--the date Muwwakkil's conviction was affirmed--was the latest possible date the cause of action could have accrued, and Muwwakkil does not contend otherwise. Appellees contend that the cause of action could have accrued no later than March 13, 1990, the date Muwwakkil discovered that his initial appeal had been dismissed for failure to prosecute.
 
 
 15
 We proceed arguendo on the basis most favorable to Muwwakkil--that his cause of action accrued on May 13, 1991--and go on to consider whether Muwwakkil's filing of his § 1983 complaint was timely. Muwwakkil filed his § 1983 complaint on March 1, 1995, more than three years after the accrual date, but he argues that his pro se letter to the district court dated May 9, 1994 constitutes a pleading sufficient to toll the statute of limitations.
 
 
 16
 Under Rule 8(a), Fed.R.Civ.P., a pleading (1) must set out the grounds of federal jurisdiction; (2) must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"; and (3) must demand relief. Muwwakkil's letter to the district court arguably sets forth the basis of federal jurisdiction, but it contains no statement of any claim whatsoever. What Muwwakkil sought was what this Court had already granted: leave for him to pursue any other remedies available. Until Muwwakkil filed his § 1983 complaint in March of 1995, he had filed no pleading asserting such "other remedies." Even construing his letter liberally, as we must, we can find no claim sufficient to satisfy Rule 8(a).
 
 
 17
 As it happens, Muwwakkil sent his letter four days before the statute of limitations expired, and the district court acted one day afterward. This does not alter the fact that Muwwakkil's letter did not state a claim or seek relief. True, Muwwakkil sought the assignment of counsel, and if the district court had responded instantly to his May 9 letter, Muwwakkil might have been able to file a § 1983 complaint before May 13. However, there was nothing in Muwwakkil's letter to suggest an emergency; and the district court's response to it was rapid by any standard. Moreover, a district court has discretion to decide whether or not to assign counsel in a civil case, and may decline to do so if a case is not meritorious. See Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir.1986). Even reading Muwwakkil's letter as liberally as the standards for pro se litigants warrant, the letter says so little as to be insufficient to support the requisite finding of likely merit. This Court's earlier remand does not suggest otherwise.
 
 
 18
 Because Muwwakkil's pro se letter did not toll the statute of limitations, we must consider whether the § 1983 complaint relates back to the "original" complaint--the amended petition for habeas corpus that Muwwakkil filed on July 31, 1991. Muwwakkil asserts that his § 1983 claim was actually just an amendment to the habeas petition. Assuming arguendo that the § 1983 complaint is an amendment, we apply Fed.R.Civ.P. 15(c) to determine whether the amendment relates back.
 
 
 19
 Rule 15(c) provides, inter alia, that an amendment relates back to the date of the original pleading when:
 
 
 20
 * * *
 
 
 21
 * * *
 
 
 22
 (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
 
 
 23
 (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision ... is satisfied and, within the period provided ... for service of the summons and complaint, the party to be brought in by amendment
 
 
 24
 (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and
 
 
 25
 (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.
 
 
 26
 (emphasis added).
 
 
 27
 We assume that Muwwakkil's § 1983 claim arises out of the conduct, transaction, or occurrence alleged in the amended habeas petition. For Muwwakkil's amendment to relate back, he must show both a known or knowable "mistake" of identity and a lack of prejudice to the added parties. Fed.R.Civ.P. 15(c)(3)(A) and (B).
 
 
 28
 Muwwakkil argues that appellees should have realized that his failure to name them as parties in his habeas petition was a mistake of law. It is true that "mistakes," for the purposes of Rule 15(c), include mistakes of law. See Soto v. Brooklyn Correctional Facility, 80 F.3d 34, 36 (2d Cir.1996). But Muwwakkil's failure to name appellees was no mistake; Muwwakkil named the parties legally necessary to pursue the relief he was seeking--relief available via habeas corpus rather than a suit for damages. Given that the relief he wanted was to get out of prison, the decision to name only the superintendent as a defendant was legally sound. None of the appellees--even those who testified as non-party witnesses in the habeas action--had any reason to believe that Muwwakkil's habeas petition was actually intended to name them as defendants.
 
 
 29
 We therefore conclude that Muwwakkil cannot show that any mistake was committed. The complaint does not relate back. Because we find that the mistake requirement of Fed.R.Civ.P. 15(c)(3)(B) has not been met, we need not consider the prejudice requirement.
 
 
 30
 We have examined all of Muwwakkil's assertions and find them to be without merit. We reach this conclusion notwithstanding the energy and skill of Mr. Rosenthal, whom Muwwakkil was fortunate enough to retain. The judgment of the district court is AFFIRMED.
 
 
 
 *
 Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation