**Ben–Siyon ISH YERUSHALAYIM, Plaintiff–Appellant,**

v.

**UNITED STATES DEPARTMENT OF CORRECTIONS, Defendant–Appellee.**

**Docket No. 03–0076.**

United States Court of Appeals, Second Circuit.

Argued: May 26, 2004.

Decided: June 25, 2004.

Yeugenia Kamenshchik (2d Cir. R. 46(e)) and Ingrid E. Melnichuk (2d Cir. R. 46(e)), Seton Hall University School of Law Center for Social Justice (Jon Romberg, of counsel), Newark, NJ, for Plaintiff–Appellant.

Timothy D. Lynch, Assistant United States Attorney for the Eastern District of New York (Roslynn R. Mauskopf, United States Attorney, and Varuni Nelson, Assistant United States Attorney, of counsel), Brooklyn, NY, for Defendant–Appellee.

Before: SACK, SOTOMAYOR, and WESLEY, Circuit Judges.

PER CURIAM.

In this appeal, the plaintiff Ben–Siyon Ish Yerushalayim alleges deprivation of kosher meals and religious texts while, in November 2000, he was incarcerated for forty-nine hours at a federal correctional facility in violation of his rights under the Free Exercise Clause of the First Amendment and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc *et seq.* ("RLUIPA"). He appeals from the January 14, 2003, judgment of the United States District Court for the Eastern District of New York (Raymond J. Dearie, *Judge*), dismissing *sua sponte* his complaint against the United States Department of Corrections under 28 U.S.C. § 1915.

On November 5, 2001, Ish Yerushalayim brought the instant suit against a single defendant, the United States Department of Corrections, which he apparently thought was the federal agency responsible for federal correctional facilities. But there is no such agency. Ish Yerushalay-

im apparently intended to bring suit against the agency that does have that responsibility, the Federal Bureau of Prisons (the "Bureau").[1] When, on December 12, 2001, the district court dismissed Ish Yerushalayim's constitutional claims—presumably brought under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)—it did so on the grounds that federal agencies are immune from suit for such claims and that while Ish Yerushalayim may have intended to sue the Bureau by naming the United States Department of Corrections, the Bureau was immune from suit. *See Ish Yerushalayim v. U.S. Dep't of Corr.,* No. CV 01 7451(RJD), at 2 (E.D.N.Y. Dec. 12, 2001) (mem. and order).

On December 13, 2002, Ish Yerushalayim moved under Fed.R.Civ.P. 60(b) for relief from the court's order. Specifically, he asked to amend his complaint in various ways, including changing the caption of the case to name the Bureau as the sole defendant. He did not, however, seek leave to amend his complaint so that he could add as parties the individual federal officials allegedly responsible for violations of his rights. On January 23, 2003, the district court issued an order denying Ish Yerushalayim's motion as untimely.

On March 12, 2003, Ish Yerushalayim appealed to us from both orders. He sought leave to proceed *in forma pauperis.* In his application seeking such leave, he did not raise the issue of amending his complaint to name the relevant federal officials. A motions panel of this Court granted Ish Yerushalayim's motion to proceed *in forma pauperis* and appointed counsel to brief the issue of the denial of his kosher meals, but dismissed as frivolous the appeal from the district court's

order denying his Rule 60(b) motion. Order, No. 03–0076 (2d Cir. Jul. 10, 2003).

By the time this Court appointed counsel—January 2004—the three-year statute of limitations had expired on Ish Yerushalayim's *Bivens* claims. *See Tapia–Ortiz v. Doe,* 171 F.3d 150, 151 (2d Cir.1999) (per curiam).

If Ish Yerushalayim were to amend his complaint in the future to name the proper parties, it would not be timely unless the amendment related back to his original complaint, under Fed.R.Civ.P. 15(c). Rule 15(c) provides that an amendment to change the parties against whom a claim is asserted "relates back to the original pleading," Fed.R.Civ.P. 15(c), if three conditions are met: (1) "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading," *id.* 15(c)(2); (2) "within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment . . . has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits," *id.* 15(c)(3)(A); and (3) within this same period, this party "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party," *id.* 15(c)(3)(B). The "period provided by Rule 4(m)" is 120 days after the filing of the complaint. Fed.R.Civ.P. 4(m).

 Irrespective of whether Ish Yerushalayim satisfies the first two requirements, he cannot satisfy the third. Had Ish Yerushalayim not known that he needed to name individual defendants and thus failed to do so, that would presumably

---

1. Although Ish Yerushalayim amended his complaint on November 29, 2001, the amend-

ed complaint still was brought solely against the United States Department of Corrections.

constitute a "mistake." *Soto v. Brooklyn Corr. Facility,* 80 F.3d 34, 37 (2d Cir.1996). However, "[a] plaintiff is not considered to have made ... a 'mistake' ... if the plaintiff knew that he was required to name an individual as a defendant but did not do so." *Malesko v. Corr. Servs. Corp.,* 229 F.3d 374, 383 (2d Cir.2000), *rev'd on other grounds,* 534 U.S. 61, 122 S.Ct. 515, 151 L.Ed.2d 456 (2001). The district court's December 12, 2001, order informed Ish Yerushalayim within the 120 days allocated for service of process that he had not named the proper parties as defendants. Therefore, he made no "mistake" within the meaning of Rule 15(c)(3)(B) and cannot have the benefit of Rule 15(c)(3).[2] Because an amendment would thus not relate back to the original complaint and because the statute of limitations has run as to his constitutional claims, Ish Yerushalayim cannot successfully amend his complaint to name the proper parties as defendants as to those claims.

■ With respect to Ish Yerushalayim's statutory claim under RLUIPA, even if he could timely amend his complaint to name the proper party or parties in his statutory claim under RLUIPA, it cannot succeed. RLUIPA provides that:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of [Title 42], even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person—

(1) is in furtherance of a compelling government interest; and

(2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc–1(a). Section 1997 defines an institution as a facility or institution that, among other things, "is owned, operated, or managed by, or provides services on behalf of any State or political subdivision of a State." *Id.* § 1997(1)(A). A "State" means "any of the several States, the District of Columbia, the Commonwealth of Puerto Rico, or any of the territories and possessions of the United States." *Id.* § 1997(4). Because RLUIPA clearly does not create a cause of action against the federal government or its correctional facilities, Ish Yerushalayim has no RLUIPA cause of action. *Cf. Madison v. Riter,* 355 F.3d 310, 315 (4th Cir.2003) (noting Congress's effort, through RLUIPA, to fill the void left by *City of Boerne v. Flores,* 521 U.S. 507, 532–36, 117 S.Ct. 2157, 138 L.Ed.2d 624 (1997), which invalidated the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb *et seq.* (1994), at least as it applied to states and localities).

We therefore affirm the judgment of the district court.

---

2. "The delivery or mailing of process to the United States Attorney, or United States Attorney's designee, or the Attorney General of the United States, or an agency or an officer who would have been a proper defendant if named, satisfies the requirement[s of Rules 15(c)(3)(A) and (B) ] with respect to the United States or any agency or officer thereof to be brought into the action as a defendant." Fed.R.Civ.P. 15(c). It is undisputed that Ish Yerushalayim did not deliver or mail such process. He therefore cannot take advantage of this rule of constructive notice.