■ NANCY WALLACH, Appellant, v R&J CONSTRUCTION CORP., Respondent. [10 NYS3d 48]—Order, Supreme Court, New York County (Milton A. Tingling, J.), entered on or about July 9, 2012, which denied plaintiff's motion to amend the summons and complaint to add Dermot Clinton Green (Dermot) as a party defendant under the relation back doctrine (CPLR 203 [c]), unanimously affirmed, without costs.

Plaintiff failed to demonstrate that proposed defendant Dermot was united in interest with defendant, R&J Construction Corp. Dermot and R&J have different defenses to plaintiff's claims (*see Raymond v Melohn Props., Inc.*, 47 AD3d 504, 505 [1st Dept 2008]). For example, R&J's potential defenses that it was not a statutory agent for purposes of Labor Law § 241 (6) and that it did not control the work that caused plaintiff's injuries are not defenses that Dermot could raise.

Nor does Dermot's "Wrap-Up" policy render it an indemnitor of R&J and, thus, vicariously liable to R&J. The wrap-up policy was not an indemnification agreement between Dermot and R&J; it was an insurance policy under which both Dermot and R&J were insured.

Given the undisputed facts that the ownership of the property in question is a matter of public record, that plaintiff's counsel had been apprised, by a letter dated July 2008, of the property owner's identity, and R&J had denied ownership in its answer, we reject plaintiff's contention that her failure to name Dermot as a defendant was a mistake (*see e.g. Goldberg v Boatmax://, Inc.*, 41 AD3d 255 [1st Dept 2007]). Concur—Tom, J.P., Friedman, DeGrasse, Richter and Kapnick, JJ.