■ LEANDRO GIL, Plaintiff, and PEDRO REYES et al., Appellants, v CITY OF NEW YORK et al., Respondents. [41 NYS3d 13]—

Order, Supreme Court, New York County (Frank P. Nervo,

J.), entered February 17, 2015, which, to the extent appealed from as limited by the briefs, denied plaintiff Reyes's motion for an extension of time to serve the City nunc pro tunc, and his cross motion to serve a supplemental summons and amended complaint to add the City as a defendant, and denied plaintiff Jean's cross motion for an order permitting him to serve an amended summons and complaint adding the City as a defendant, unanimously affirmed, without costs.

It is undisputed that Reyes and Jean filed a complaint naming only New York City Department of Parks and Recreation (Parks), which it served only on Parks. Movants contend that they should be permitted to amend the summons and complaint to add the City as a defendant because Parks was a misnomer. However, the misnomer exception is inapplicable because the proper party, the City, was not served (*see National Refund & Util. Servs., Inc. v Plummer Realty Corp.*, 22 AD3d 430 [1st Dept 2005]; *Freda v Board of Educ. of City of N.Y.*, 224 AD2d 360 [1st Dept 1996]). Moreover, CPLR 306-b may not be used to extend the statute of limitations (*see Gonzalez v New York City Health & Hosps. Corp.*, 29 AD3d 369, 370 [1st Dept 2006]).

The relation back doctrine is similarly inapplicable because a mistake of law is not the type of mistake contemplated by the doctrine (*see Matter of Gilbert v Perine*, 52 AD3d 240 [1st Dept 2008]; *Matter of 27th St. Block Assn. v Dormitory Auth. of State of N.Y.*, 302 AD2d 155, 165 [1st Dept 2002]). Here, movants mistakenly believed that Parks was an entity subject to suit (*see* NY City Charter § 396).

We have considered movants' remaining arguments and find them unavailing. Concur—Sweeny, J.P., Renwick, Manzanet-Daniels, Gische and Webber, JJ.