# In the
# United States Court of Appeals
## For the Second Circuit

August Term 2018

No. 17-569-pr

RAFAEL CEARA,

*Plaintiff-Appellant,*

v.

DOCCS OFFICER JOSEPH DEACON,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Southern District of New York
No. 13 Civ. 6023 (KMK), Kenneth M. Karas, District Judge, Presiding.

(Submitted: October 5, 2018; Decided: February 21, 2019)

Before:     CABRANES, PARKER, *Circuit Judges,* MATSUMOTO, *District Judge.*[*]

---

[*] Judge Kiyo A. Matsumoto, of the United States District Court for the Eastern District of New York, sitting by designation.

Plaintiff Rafael Ceara, a state inmate who claims that he was assaulted by a prison corrections officer, filed a *pro se* complaint raising claims under 42 U.S.C. § 1983. In his complaint, he named "John Doe" as the officer who allegedly assaulted him but also described and named that officer as "Officer Deagan." After the statute of limitations had expired, Ceara amended his complaint to correctly name "C.O. Deagan" as "Officer Joseph Deacon." Deacon moved for summary judgment claiming, among other things, that Ceara's amended complaint was time barred. The United States District Court for the Southern District of New York (Karas, *J.*) granted Deacon's motion on the ground that an amended complaint identifying a defendant to replace a "John Doe" placeholder does not relate back to the original complaint under Federal Rule of Civil Procedure 15(c)(1)(C). *See Barrow v. Wethersfield Police Department*, 66 F.3d 466 (2d Cir. 1995). We conclude that Ceara's complaint was not a true John Doe complaint and that his amendment to correct a misspelling related back under Rule 15(c)(1)(C).

**VACATED** and **REMANDED** for further proceedings.

> Alessandra DeBlasio, New York, N.Y., *for appellant Rafael Ceara.*
>
> Steven C. Wu, Judith N. Vale, David Lawrence III, *for* Barbara D. Underwood, Solicitor General, Letitia A. James, Attorney General, New York, N.Y., *for appellee DOCCS Officer Joseph Deacon.*

BARRINGTON D. PARKER, *Circuit Judge*:

Plaintiff Rafael Ceara, a state inmate who alleges that he was attacked by a prison guard, filed a *pro se* complaint under 42 U.S.C. § 1983 in which he identified the defendant as both "John Doe" and "C.O. Deagan." He filed within the statute of limitations and then amended his complaint after the statute expired to clarify that the name of the defendant officer was "Officer Joseph Deacon." Deacon moved for summary judgment on the ground that the complaint was time barred. The United States District Court for the Southern District of New York (Karas, *J.*) granted the motion on the ground that an amended complaint identifying the defendant to replace a "John Doe" placeholder does not relate back to the original complaint under Federal Rule of Civil Procedure 15(c)(1)(C). *See Barrow v. Wethersfield Police Department*, 66 F.3d 466 (2d Cir. 1995). Accordingly, the District Court held that Ceara's claims were barred by § 1983's three‑year statute of limitations. We conclude that the District Court erred in treating Ceara's complaint as a "John Doe" complaint and that his amendment to correct a misspelling related back under Rule 15(c)(1)(C). We

3

therefore vacate the January 25, 2017 judgment of the District Court and remand for further proceedings.

## BACKGROUND

Ceara was incarcerated at the Downstate Correctional Facility in Fishkill, New York in Complex 1, D Block. Defendant Joseph Deacon was a corrections officer who patrolled D Block. Deacon's brother, who shared the last name Deacon, also worked as an officer in D Block.

Ceara alleged that on September 5, 2010, a corrections officer pushed him down a set of concrete stairs located just outside of D Block. Ceara was initially uncertain of the full name of the officer who had pushed him. After the incident, Ceara filed several grievances, many of which named a "C.O. Deagon" or "Officer Deagon." He also filed an Inmate Injury Report, wrote to the prison superintendent, filed two official grievances with the New York State Department of Corrections, and spoke with an investigator from the Inspector General's Office. In many of these communications, he referred to the officer in question as "Officer Deagan."

Ceara filed his original complaint on August 22, 2013, two weeks before the statute of limitations expired. In the caption of the complaint, Ceara named as the defendant "correctional officer John Doe[,] which worked at Downstate Corr. Fac. on Sep. 5, 2010 on the 7:[00]AM – 3:[00]PM shift in D-Block, complex 1. I have wrote [*sic*] to Inspector General for full names and have had no response (c.o. Deagan, He has old brother [*sic*] by same name)[.]" App'x 12. Below that, Ceara listed the defendant as "John Doe (c.o. Deagan younger brother)[.]" *Id.*

In September 2013, the District Court ordered the New York State Office of the Attorney General to provide Ceara information to help determine the defendant's precise identity. In October 2013, the Attorney General's Office notified Ceara that both Officers John Haag and Joseph Deacon were on duty at the time and place of Ceara's alleged incident. Finally, on November 22, 2013, after the three-year statute of limitations had expired, Ceara filed an amended complaint that replaced "Joseph Deacon" for "John Doe" as the defendant.

After the case had proceeded through discovery, Deacon moved for summary judgment on the grounds that Ceara had not exhausted his administrative remedies and that Ceara's claim was time barred. The District

Court denied summary judgment on the ground of exhaustion, a ruling that has not been appealed. The District Court, however, granted summary judgment on the second ground, concluding that the amended complaint did not relate back to the original complaint and was barred by the statute of limitations. Ceara appeals, contending: (1) the District Court erred in determining that the amended complaint did not relate back under Fed. R. Civ. P. 15(c)(1)(C) because it relied on *Barrow*, a decision which Ceara claims was overruled by the Supreme Court's decision in *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538 (2010); and (2) the District Court incorrectly concluded that the amended complaint did not relate back under Fed. R. Civ. P. 15(c)(1)(A) because Ceara had not satisfied the Rule's due diligence requirement imported into that Rule by N.Y. C.P.L.R. § 1024. Because we agree with Ceara's first contention—that his amended complaint related back to the original complaint pursuant to Rule 15(c)(1)(C)—we do not reach his second.

This Court reviews a grant of summary judgment *de novo*. *Gorman v. Rensselaer Cty.*, 910 F.3d 40, 44-45 (2d Cir. 2018). We also review *de novo* a district

court's determination that a pleading does not relate back under Rule 15(c). *See*

*ASARCO LLC v. Goodwin*, 756 F.3d 191, 202 (2d Cir. 2014).

**DISCUSSION**

**I.**

Rule 15(c)(1)(C) allows for an amended pleading to relate back to the date of the original pleading if four conditions are met: "(1) the claim must have arisen out of conduct set out in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party [knew or] should have known that, but for a mistake of identity, the original action would have been brought against it; and . . . [4] the second and third criteria are fulfilled within [the period provided by Rule 4(m) for serving the summons and complaint], and . . . the original complaint [was] filed within the limitations period." *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013) (quoting *Barrow*, 66 F.3d at 468–69) (emphasis omitted).[1]

---

[1] Rule 15(c)(1)(C) states:

   (1) ***When an Amendment Relates Back***. An amendment to a pleading relates back to the date of the original pleading when:
   . . . .
      (C) the amendment changes the party or the naming of the party against

The parties agree that conditions (1), (2), and (4) have been met. The only condition they contest is whether Deacon knew or should have known that the original action would have been brought against him, but for a mistake of identity. The District Court concluded that no mistake under Rule 15(c)(1)(C) had occurred because of our Court's decision in *Barrow v. Wethersfield Police Department*. There we held that amendments to "John Doe complaints" to add real names do not relate back under Rule 15(c)(1)(C) because such amendments were made "not to correct a mistake but to correct a lack of knowledge." 66 F.3d at 470; *see also Hogan*, 738 F.3d at 518 ("This Court's interpretation of Rule 15(c)(1)(C) makes clear that the lack of knowledge of a John Doe defendant's name does not constitute a 'mistake of identity.'"). We conclude that although

---

whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C).

*Barrow* remains good law, the District Court misapplied *Barrow* to the facts of this case.

In *Barrow*, an incarcerated *pro se* plaintiff who contended that the Wethersfield Police Department had used excessive force in arresting him filed a timely complaint under § 1983 and named as defendants "the Wethersfield Police Department, the Town of Wethersfield, and ten 'John Doe' officers." 66 F.3d at 467. After the three-year statute of limitations for his § 1983 claims had expired, the plaintiff moved to amend the complaint pursuant to Rule 15 to replace six "John Does" with the names of six police officers. *Id*. The court granted the motion to amend. The six officers then moved to dismiss the amended complaint as untimely, which the district court granted.

The *Barrow* court noted that the version of Rule 15(c)(1)(C) in effect at the time allowed relation back only if "the misidentified party 'knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.'" *Id.* at 469 (quoting former Fed. R. Civ. P. 15(c)(3)(B)). Applying this Rule, the court explained that it was not faced with a plaintiff who mistakenly believed that suing the "John Does" rather

9

than the actual officers would suffice. "Instead [the plaintiff] was informed by the court . . . that he needed to name the individual officers as defendants. Therefore, [the plaintiff] was not 'mistaken' for purposes of rule 15(c) . . . . [His] subsequent failure to identify the individual officers is a separate matter to which Rule 15(c) does not speak." *Id.* Thus, the court held that "Rule 15(c) does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities." *Id.* at 470.

*Barrow* illustrates the rule in this Circuit regarding the relation back of amended John Doe complaints. There has been, however, substantial disagreement in the district courts in this Circuit regarding whether the Supreme Court's decision in *Krupski* implicitly overruled *Barrow*. In *Krupski*, the Supreme Court "granted certiorari to resolve tension among the Circuits over the breadth of Rule 15(c)(1)(C)(ii)." *Krupski v. Costa Crociere S.p.A.*, 560 U.S 538, 546 (2010). There, the plaintiff originally named as a defendant "Costa Cruise," when she should have named the closely-related corporate entity, "Costa Crociere," based on an incorrect understanding of the roles the respective entities played in the

underlying events. *Id.* at 544. Before the statute of limitations had expired, the plaintiff was made aware of the existence of Costa Crociere. Realizing her factual error after the statute of limitations had expired, the plaintiff moved to amend her complaint to substitute Costa Crociere as the defendant. The lower court held that because the plaintiff knew (or should have known) of the proper party's identity, she had made a deliberate choice in not naming Costa Crociere as a party in her original pleading. Accordingly, her failure to name the correct defendant was not a "mistake," and thus the amended complaint did not relate back under Rule 15.

The Supreme Court reversed. It held that the plaintiff's knowledge of Costa Crociere's existence did not preclude the possibility that the plaintiff had made a "mistake" by initially suing Costa Cruise. A determinative question for the Court was whether, under Rule 15(c)(1)(C)(ii), "Costa Crociere knew or should have known that it would have been named as a defendant but for an error. . . . For purposes of that inquiry, it would be error to conflate knowledge of a party's existence with the absence of mistake." *Id.* at 548. The Court explained that "a plaintiff's knowledge of the existence of a party does not foreclose the

possibility that she has made a mistake of identity about which that party should have been aware." *Id.* at 550.

Contrary to Ceara's contention, *Krupski* did not abrogate *Barrow*, which remains the law of this Circuit. This Court has continued to apply the rule articulated in *Barrow* after *Krupski* was decided. *See Hogan v. Fischer*, 738 F.3d 509 (2d Cir. 2013) (applying *Barrow*); *see also Sewell v. Bernardin*, 795 F.3d 337, 342 (2d Cir. 2015) (citing *Barrow* as the law of this Circuit after *Krupski* was decided); *Southerland v. City of New York*, 680 F.3d 127, 138 n.12 (2d Cir. 2012) (same). In *Krupski* the plaintiff had made an actual mistake because she "misunderstood crucial facts regarding the two companies' identities" and sought to replace one party with another. *Krupski*, 560 U.S. at 555. She was not a "John Doe" litigant who did not know whom to name as a defendant; she made a mistake as to which of two parties to sue—parties whose identities she knew—because of her factual misunderstanding of the roles each played in the underlying events. In other words, unlike the plaintiff in *Barrow*, she was not replacing a John Doe placeholder with a party because she was initially unaware of the defendant's true identity. *Barrow*, by contrast, deals with that precise situation. Thus *Krupski*

neither abrogated nor reconfigured *Barrow*'s holding that an amendment to replace a John Doe defendant is made "not to correct a mistake but to correct a lack of knowledge" and is therefore not a mistake under Rule 15(c)(1)(C). *Barrow*, 66 F.3d at 470.

## II.

Applying *Barrow*, we hold that the District Court erred by treating Ceara's complaint as a true "John Doe" complaint for the purposes of "mistake" under Rule 15(c)(1)(C). It is of considerable significance that Ceara was an unrepresented incarcerated litigant and the District Court was required to construe Ceara's *pro se* pleading liberally and with "special solicitude." *Williams v. Correction Officer Priatno*, 829 F.3d 118, 122 (2d Cir. 2016) (internal quotation marks omitted). As the Supreme Court has made clear, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

In the original complaint, Ceara referred to Deacon as "C.O. Deagan," which is two letters removed from Deacon's true last name. In addition, the

complaint contained details identifying Deacon, including that he had a brother who worked at the facility, that he was the younger of the two brothers, and that he worked at Downstate on September 5, 2010 on the 7:00am-3:00pm shift in a particular area of the facility. Having named "Deagan" as the defendant and included additional identifying information, it is implausible that DOCCS and Deacon did not know to whom Ceara was referring.

The amended complaint substituted "Joseph Deacon, D.O.C.C. Officer" for "Correctional Officer John Doe." It was clear from the first complaint to whom Ceara was referring, and it was clear from the amended complaint that he was referring to the same individual. Consequently, no "new" party was added. Accordingly, we conclude that Ceara's complaint was not a true "John Doe" complaint subject to the no-relation-back rule of *Barrow*, and the District Court erred by treating it as such.

This conclusion is consistent with our law and with decisions from other circuits. In *Datskow v. Teledyne, Inc. Cont'l Prod. Div.*, 899 F.2d 1298, 1301 (2d Cir. 1990) we reversed the denial of a motion to amend because the "plaintiff did not select the wrong defendant but committed the lesser sin of mislabeling the right

14

defendant." And in *Ingram v. Kumar*, 585 F.2d. 566, 571 (2d Cir. 1978) we held that relation back was proper when there was a "minor misspelling of defendant's name" as "Vijaya N. Kumar" in the original complaint rather than "Vijay S. Kumar." The court in *Lindley v. Birmingham, City of Alabama*, 652 F. App'x 801, 804 (11th Cir. 2016) held that relation back under Rule 15(c)(1)(C) was appropriate when plaintiff named defendant "Nurse Frida" in the complaint and later filed an amended complaint with the defendant's correct, full name "Nurse Fredia L. Taylor." Similarly, the court in *Roberts v. Michaels*, 219 F.3d 775, 777-78 (8th Cir. 2000) held that "[t]he district court erred in failing to consider the well-recognized distinction between a complaint that sues the wrong party, and a complaint that sues the right party by the wrong name."[2]

---

[2] *See also Dandrea v. Malsbary Mfg. Co.*, 839 F.2d 163, 168 (3d Cir. 1988) (allowing relation back when plaintiff "sued the correct entity . . . using its former name" and sought "to amend the complaint . . . solely for the purpose of including the same party's correct name"); *c.f. Morrel v. Nationwide Mut. Fire Ins. Co.*, 188 F.3d 218, 224 (4th Cir. 1999) ("[Defendant's] argument is premised on a thin reed—a misnomer in the spelling of the name of its insured—and is meritless. It has long been the rule in this circuit that service of process is not legally defective simply because the complaint misnames the defendant in some insignificant way."); *Barsten v. Dep't of Interior*, 896 F.2d 422, 423 (9th Cir. 1990) (determining that plaintiff's misnaming of defendant was insignificant where "the allegations made in the body of the complaint make it plain that the party is intended as a

As the Supreme Court noted in *Krupski*, "The only question under Rule 15(c)(1)(C)(ii) . . . is whether [a prospective defendant] knew or should have known that, absent some mistake, the action would have been brought against him." *Krupski*, 560 U.S. at 549. While adding a new party, the Court reasoned, may unfairly deny protection to which that party was entitled under the statute of limitations, *id.* at 550, no such concern is present when a plaintiff correctly names a previously misnamed party.

Ceara's use of "John Doe" did not create a John Doe placeholder complaint of the type at issue in *Barrow. See Tapia-Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir. 1999) (quoting *Barrow,* 66 F.3d at 470) (addressing a typical "John Doe" complaint). Ceara knew and included Deacon's name, but garbled the spelling. Mistakes of this kind, as *Barrow* recognized, fall squarely within the ambit of Rule 15. *Barrow*, 66 F.3d at 469 (noting the Rule's purpose as allowing amendments "to correct a formal defect such as a misnomer or misidentification" (internal emphasis and quotation marks omitted)). This conclusion is in keeping with the Rule's general premise that "[t]he court should freely give leave [to amend] when

defendant" (internal quotation marks omitted)).

16

justice so requires." Fed. R. Civ. P. 15(a)(2). Therefore, Ceara's amendment to correctly spell the defendant's name relates back to his original timely complaint.

## CONCLUSION

For the foregoing reasons, the judgment of the District Court is **VACATED** and the case is **REMANDED** to the District Court for further proceedings.