Matter of Nemeth v K-Tooling (2022 NY Slip Op 03034)

Matter of Nemeth v K-Tooling

2022 NY Slip Op 03034

Decided on May 5, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 5, 2022

532948
[*1]In the Matter of Joseph Nemeth et al., Appellants,
v
K-Tooling et al., Respondents.

Calendar Date:February 15, 2022

Before:Garry, P.J., Lynch, Clark and Fisher, JJ.; McShan, J., vouched in.

Sussman & Associates, Goshen (Jonathan R. Goldman of counsel), for appellants.
Coughlin & Gerhart, LLP, Binghamton (Alan J. Pope of counsel), for respondents.

Clark, J.
Appeal from a judgment of the Supreme Court (Lambert, J.), entered August 12, 2020 in Delaware County, which, in a proceeding pursuant to CPLR article 78, among other things, granted respondents' cross motions to dismiss the amended petition.
The underlying facts are discussed at length in our prior decision in this proceeding (163 AD3d 1143 [2018]), as well as two other related proceedings (Matter of Nemeth v Village of Hancock Zoning Bd. of Appeals, 127 AD3d 1360 [2015]; Nemeth v K-Tooling, 100 AD3d 1271 [2012]). As relevant here, respondents Kuehn Manufacturing Co. and K-Tooling operate their respective manufacturing businesses from a residentially-zoned property. Rosa Kuehn owns that property and Kuehn Manufacturing Co., and her son, Perry Kuehn, owns K-Tooling. In 2013, respondents applied for and received a use variance for expansion of their nonconforming use, but petitioners, individuals who had purchased parcels adjacent to the operating manufacturing businesses, were ultimately successful in overturning that administrative determination (Matter of Nemeth v Village of Hancock Zoning Bd. of Appeals, 127 AD3d at 1361-1363). In 2016, respondents again applied for and received a use variance, prompting the instant CPLR article 78 proceeding in which petitioners failed to name Rosa Kuehn as a respondent. Upon motion, Supreme Court dismissed the petition for failure to join a necessary party. On appeal, this Court agreed that Rosa Kuehn was a necessary party but reversed and directed Supreme Court to order her summoned (163 AD3d at 1144-1145). On remittal, petitioners filed an amended petition adding Rosa Kuehn, in her personal capacity as a landowner, as a respondent, and they moved for a judgment thereon. Respondents cross-moved to dismiss the amended petition, arguing that petitioners' claims against Rosa Kuehn were time-barred and not saved by the relation back doctrine and that the claims against the remaining respondents in turn required dismissal for lack of a necessary party. Supreme Court agreed and dismissed the amended petition. Petitioners appeal, and we affirm.
Supreme Court correctly determined that petitioners are not entitled to the benefit of the relation back doctrine. That doctrine "permits a petitioner to amend a petition to add a respondent even though the statute of limitations has expired at the time of amendment so long as the petitioner can demonstrate three things: (1) that the claims arose out of the same occurrence, (2) that the later-added respondent is united in interest with a previously named respondent, and (3) that the later-added respondent knew or should have known that, but for a mistake by petitioners as to the later-added respondent's identity, the proceeding would have also been brought against him or her" (Matter of Sullivan v Planning Bd. of the Town of Mamakating, 151 AD3d 1518, 1519-1520 [2017], lv denied 30 NY3d 906 [2017]; see CPLR 203; Buran v Coupal, 87 NY2d 173, 178 [1995]).
It [*2]is not disputed that the first condition of the relation back doctrine was satisfied here. Even if the same were true for the second condition, petitioners simply cannot meet the third and final condition and therefore cannot avail themselves of the doctrine. Indeed, Rosa Kuehn was appropriately named as a respondent and identified as the landowner of the subject property in petitioners' successful challenge to the use variance issued in 2013 (Matter of Nemeth v Village of Hancock Zoning Bd. of Appeals, 127 AD3d at 1361-1362); "thus, this simply is not an instance where the identity of a respondent . . . was in doubt or there was some question regarding that party's status" (Matter of Baker v Town of Roxbury, 220 AD2d 961, 964 [1995], lv denied 87 NY2d 807 [1996]; see Buran v Coupal, 87 NY2d at 180 [holding that it is proper for courts to "reject() application of the (relation back) doctrine on the ground . . . that there was no 'mistake' — i.e., that (the) plaintiffs knew of the existence of the proper parties at the time of their initial filing"]; Wallach v R & J Constr. Corp., 128 AD3d 566, 566 [2015]; Mongardi v BJ's Wholesale Club, Inc., 45 AD3d 1149, 1151 [2007]). Under the established law of this state, any "mistake" here would "not [be one] contemplated by the relation back doctrine" (Matter of Sullivan v Planning Bd. of the Town of Mamakating, 151 AD3d at 1520; see Matter of Sullivan County Patrolmen's Benevolent Assn., Inc. v New York State Pub. Empl. Relations Bd., 179 AD3d 1270, 1271 [2020]; Branch v Community Coll. of the County of Sullivan, 148 AD3d 1410, 1411-1412 [2017], lv denied 29 NY3d 911 [2017]; Matter of Ayuda Re Funding, LLC v Town of Liberty, 121 AD3d 1474, 1476 [2014]; Windy Ridge Farm v Assessor of Town of Shandaken, 45 AD3d 1099, 1099-1100 [2007], affd 11 NY3d 725 [2008]).
Further, we decline petitioners' invitation to overturn the long-standing precedent of this state concerning the sorts of errors that may constitute a "mistake by petitioners as to [a] later-added respondent's identity" (Matter of Sullivan v Planning Bd. of the Town of Mamakating, 151 AD3d at 1519-1520; see Buran v Coupal, 87 NY2d at 176; see generally Doe v HMO-CNY, 14 AD3d 102, 106 [4th Dept 2004]; Matter of 27th St. Block Assn. v Dormitory Auth. of State of N.Y., 302 AD2d 155, 165 [1st Dept 2002]; Somer & Wand v Rotondi, 251 AD2d 567, 569 [2d Dept 1998]; State of New York v Gruzen Partnership, 239 AD2d 735, 736 [3rd Dept 1997]). In petitioners' view, because our state's relation back test was largely premised upon Federal Rules of Civil Procedure rule 15 (c) (see generally Mondello v New York Blood Ctr.-Greater N.Y. Blood Program, 80 NY2d 219, 226 [1992]; Brock v Bua, 83 AD2d 61, 68 [1981]), our approach to relation back must mirror the application of the federal rule, which, according to petitioners, would necessitate the conclusion that their error [FN1] was a mistake within the meaning of the doctrine and that they should therefore benefit from its [*3]application.
Initially, as highlighted by our dissenting colleague, it is true that the Court of Appeals, in Buran v Coupal (87 NY2d 173 [1995]), looked to, among other sources, the text of the federal rule when eliminating this state's prior, superfluous requirement that a mistake as to a party's identity be "excusable" (id. at 179-180), and thereby more closely aligned this state's test with the text of the federal statute. However, Buran certainly did not do away with what is, in this state, a threshold requirement for relation back — that the petitioner/plaintiff made a mistake "as to the identity of the proper parties" (id. at 180). As noted above, the Court of Appeals has expressly acknowledged that there is no "mistake" within the meaning of relation back if the "[petitioners/]plaintiffs knew of the existence of the proper parties at the time of their initial filing" (id.). This is precisely the circumstance here; petitioners cannot claim either that they were unaware of Rosa Kuehn's identity as the owner of the subject property or that there was a question of or misunderstanding regarding her status.
In light of the points made by the dissent, we also find it important to note that there is far from one uniform interpretation of Federal Rules of Civil Procedure rule 15 (c) (1) (C), notwithstanding concerted effort to that end (see generally Krupski v Costa Crociere S. p. A., 560 US 538, 546-554 [2010]).[FN2] One particularly notable construction includes that taken by courts in the Second Circuit, which have found that rule 15 (c) cannot apply at all where, as here, a petitioner/plaintiff seeks to add an additional respondent/defendant (an "additional party" case), as opposed to where the petitioner/plaintiff "changes the party or the naming of the party against whom a claim is asserted" (a "wrong party" case) (Fed Rules Civ Pro rule 15 [c] [1] [C]; see generally Ceara v Deacon, 916 F3d 208, 212-213 [2d Cir 2019]; Barrow v Wethersfield Police Dept., 66 F3d 466, 468-470 [2d Cir 1995], mod 74 F3d 1366 [1996]; Liverpool v Davis, 442 F Supp 3d 714, 725-726 [SD NY 2020]; Atakhanova v Home Family Care Inc., 2019 WL 2435856, *6, *6 n 9, 2019 US Dist LEXIS 27126, *13-16, *13 n 9 [ED NY Feb. 19, 2019, No. 16-CV-6707 (KAM/RML)]; Precision Assoc., Inc. v Panalpina World Transp. [Holding] Ltd., 2015 WL 13650032, *7-13, 2015 US Dist LEXIS 194073, *36-50 [ED NY June 24, 2015, No. 08-CV-42 (JG/VVP)]; In re Vitamin C Antitrust Litig., 995 F Supp 2d 125, 128-131 [ED NY 2014]). Thus, petitioners' request that we abandon our relation back precedent and follow federal law is also essentially a request to deviate from yet another established principal of state law — that, in "a conflict between the decisional law of the Court of Appeals and that of the lower and intermediate federal courts, the ruling of the Court of Appeals controls" (Davies v S.A. Dunn & Co., LLC, 200 AD3d 8, 15 [2021], lv denied 38 NY3d 902 [2022]; see Towle v Forney, 14 NY 423, 428 [1856[*4]]) — a request that we must also decline.
In sum, there is no reason to depart from the Court of Appeals decision in Buran, which, in our view, clearly speaks to the factual circumstances presented here (see Buran v Coupal, 87 at 180). Under Buran, and the other legal precedent of this state, petitioners have failed to satisfy the third condition of the relation back test. Without the benefit of the doctrine, petitioners have failed to join a necessary party (see CPLR 1001 [a]), mandating dismissal of this proceeding (see CPLR 1003, 3211 [a] [10]; [e]). The remaining arguments before us are therefore academic.
Lynch, Fisher and McShan, JJ., concur.
Garry, P.J. (dissenting).
The relation back doctrine allows a respondent to be added after the statute of limitations has expired where the petitioner demonstrates "(1) that the claims arose out of the same occurrence, (2) that the later-added respondent is united in interest with a previously named respondent, and (3) that the later-added respondent knew or should have known that, but for a mistake by [the] petitioner[] as to the later-added respondent's identity, the proceeding would have also been brought against him or her" (Matter of Sullivan v Planning Bd. of the Town of Mamakating, 151 AD3d 1518, 1519-1520 [2017], lv denied 30 NY3d 906 [2017]). The majority faithfully applies Third Department precedent, which distinguishes a mistake of law as not meeting the requirements of the third prong. Petitioners ask us to overrule that precedent and hold that the relation back doctrine applies in this matter. I dissent, as I would grant the request and overrule our prior case law, thereby aligning the Third Department more closely with the federal approach and the Court of Appeals' holding in Buran v Coupal (87 NY2d 173 [1995]).
In Buran, the Court emphasized that the New York rule is "patterned largely after the [f]ederal relation back rule" (id. at 179), the "'linchpin'" of which is "notice to the defendant within the applicable limitations period" (id. at 180, quoting Schiavone v Fortune, 477 US 21, 31 [1987]). The Court reasoned that, since the later-added defendant had notice of the trespass action against her husband, with whom she was united in interest, and adding her as a party resulted in no delay or prejudice, the relation back doctrine was satisfied. Importantly, the Court in Buran focused its analysis on the third prong, eliminating the "excusability test" as its results were "not in keeping with modern theories of notice pleading and the admonition that the Civil Practice Law and Rules 'be liberally construed to secure the just, speedy and inexpensive determination of every civil judicial proceeding'" (Buran v Coupal, 87 NY2d at 181, quoting CPLR 104). The parties in that case were neighbors; it was not a case in which the plaintiffs were mistaken about who had trespassed by building on their land. Rather, the plaintiffs' mistake was their failure to sue one of the record [*5]property owners. If the relation back doctrine did not apply to mistakes of law, the plaintiffs would not have prevailed through its application. The mistake in that case, where the plaintiffs had failed to join a necessary party they knew to be the landowner, mirrors the mistake of law in the instant proceeding. In my view, the fact that the Court of Appeals applied the doctrine there should dictate our remedy here.
The federal rule draws no distinction as to whether the mistake was one of law or identity. In Soto v Brooklyn Corr. Facility (80 F3d 34, 34-35 [2d Cir 1996]), a plaintiff who filed a civil rights action against a correctional facility in federal court but initially failed to join the individual correction officers who allegedly harmed him was allowed the benefit of the relation back doctrine. The plaintiff was not mistaken about the identity of the officers but about the fact that they were necessary parties; the precedent of our Court would label this mistake as one of law and depart from the federal rule in requiring dismissal (see Ish Yerushalayim v United States Dept. of Corr., 374 F3d 89, 91-92 [2d Cir 2004]; Muwwakkil v Hoke, 107 F3d 3 [2d Cir 1997] [table; text at 1997 WL 76871, *4, 1996 US App LEXIS 37677, *10-11 (1997)]). Further, the notes of the advisory committee amending Federal Rules of Civil Procedure rule 15 (c), which contains the federal relation back rule, reference a number of cases that prompted the amendment. All of the referenced cases involve actions by private parties against officers or agencies of the United States (see Advisory Comm Notes, 1996 amend, Fed Rules Civ Pro rule 15 [c]). In other words, the cases referenced by the advisory committee involve mistakes as to who is considered a necessary party, rather than mistakes of "identity" as more narrowly interpreted by our Third Department precedent. Clearly, the drafters of the federal relation back rule envisioned its operation in some circumstances where a plaintiff did not know he or she had to sue a different defendant.
The Supreme Court of the United States has spoken to the misplaced emphasis on a plaintiff's knowledge in the third prong: "Rule 15 (c) (1) (C) (ii) asks what the prospective defendant knew or should have known during the [period for service], not what the plaintiff knew or should have known at the time of filing [his or] her original complaint" (Krupski v Costa Crociere S. p. A., 560 US 538, 548 [2010]).[FN3] This redirection further emphasizes the linchpin of the relation back doctrine, whether the later-added defendant suffers from any lack of notice or prejudice, thus protecting the purpose of statutes of limitations to which the doctrine might provide an exception and serving the purpose of "liberalizing the strict formalistic pleading requirements of the past century" (Buran v Coupal, 87 NY2d at 177). Indeed, if the focus is meant to be placed on the plaintiff's knowledge, it would not make sense for the Court in Buran [*6]to remove the excusability test; if it makes no difference whether the plaintiff's mistake was excusable, then the plaintiff's state of mind is only relevant to the extent that he or she was not purposefully omitting a defendant in an attempt to gain some tactical advantage (see id. at 181).[FN4]
In the instant petition, it is undisputed that the first prong of the relation back doctrine is satisfied. As to the second prong, Rosa Kuehn is united in interest with respondent Kuehn Manufacturing Co., as she is the owner of that company. In other cases, where a challenger to a zoning law or variance named business owners but failed to join property owners, we have held that there was no unity of interest between them (see Matter of Sullivan v Planning Bd. of the Town of Mamakating, 151 AD3d at 1520; Matter of Ayuda Re Funding, LLC v Town of Liberty, 121 AD3d 1474, 1475-1476 [2014]). In Matter of Sullivan, the owner of a vacant lot had no unity of interest with a business that applied for a variance to operate a cellular tower on that vacant lot; in Matter of Ayuda Re Funding, the owners of numerous parcels affected by the challenged zoning law had no unity of interest with the two respondent businesses and the municipality. In contrast, Rosa Kuehn is the owner of the single property affected by the variance and the owner of one of the two respondent businesses operating on that property. "[B]y reason of that relationship[, she] can be charged with such notice of the institution of the action that [she] will not be prejudiced in maintaining [her] defense on the merits by the delayed, otherwise stale, commencement" (Mondello v New York Blood Ctr.—Greater N.Y. Blood Program, 80 NY2d 219, 226 [1992]; see Castagna v Almaghrabi, 117 AD3d 666, 667 [2014]). In the context of this CPLR article 78 proceeding, the defenses available to Rosa Kuehn and Kuehn Manufacturing Co. are identical, and they will stand or fall together with respect to the zoning variance (see Fasce v Smithem, 188 AD3d 1542, 1543-1544 [2020]; Losner v Cashline, L.P., 303 AD2d 647, 648 [2003]; Lord Day & Lord, Barrett, Smith v Broadwall Mgt. Corp., 301 AD2d 362, 363 [2003]).
As to the third prong, focusing as instructed in Buran on the later-added respondent's state of mind, Rosa Kuehn cannot complain of any lack of notice or prejudice here. In her capacity as owner of Kuehn Manufacturing Co., Rosa Kuehn applied for the challenged variance, which affects her property alone. She similarly appeared in the instant proceeding as the owner of Kuehn Manufacturing Co. The attorney representing her also represents Kuehn Manufacturing Co. and respondent K-Tooling. She cannot reasonably believe that the proceeding was "laid to rest as far as [she] is concerned" (Buran v Coupal, 87 NY2d at 181 [internal quotation marks and citation omitted]). Although petitioners made a mistake of law in failing to join Rosa Kuehn personally — perhaps even an inexcusable one — Buran instructs that the mistake [*7]need not be excusable (see id. at 180; Castagna v Almaghrabi, 117 AD3d at 667).
In holding that the third prong is not satisfied, the majority invokes a line of cases from the federal Second Circuit, labeled as "additional party" cases, which allegedly deny application of the doctrine where the plaintiff seeks to add a party, rather than replace one. However, these cases are readily distinguishable because, unlike here, they address the doctrine in the context of "John Doe" defendants, where the plaintiffs lacked knowledge of the defendant's identity until after the statute of limitations expired. Notably, the most recent Second Circuit case cited by the majority allowed relation back because the later-added defendant was referenced, by a misspelled name, in the original complaint; thus, "it [was] implausible that [a named defendant] and [the later-added defendant] did not know to whom [the plaintiff] was referring" (Ceara v Deacon, 916 F3d 208, 213 [2d Cir 2019]). The court clearly focused its inquiry on what the later-added defendant knew or should have known.
Finally, the majority misunderstands my position when it asserts that this argument fails to apply the law of the Court of Appeals, in favor of federal law. It is my view that this Court has applied the principles set forth in Buran in an inappropriately restrictive manner. This case continues that unfortunate trend. There would be no practical difference to Rosa Kuehn or any of the other respondents had she been named personally in the proceeding. Yet for the failure to do so, applying Third Department precedent, petitioners pay the price of dismissal. The conditions of the relation back doctrine seek to relax the formalistic pleading requirements of the past while respecting the fairness to respondents supplied by statutes of limitations. Neither purpose is served by this result. Accordingly, upon review of the case law cited above, I would now hold that mistakes of law are contemplated by the relation back doctrine and reverse the dismissal of the petition.
ORDERED that the judgment is affirmed, with costs.

Footnotes

Footnote 1: Apart from referring to their error as an "inadvertent and mistaken failure," petitioners do not explain, or in any way substantiate, the nature of their initial failure to name Rosa Kuehn as a respondent in this proceeding (see generally Matter of Baker v Town of Roxbury, 220 AD2d at 963-964).

Footnote 2: In Krupski v Costa Crociere S. p. A. (560 US 538 [2010]), the Supreme Court of the United States rejected reliance upon a plaintiff's knowledge to deny relation back, holding that "[i]nformation in the plaintiff's possession is relevant only if it bears on the defendant's understanding of whether the plaintiff made a mistake regarding the proper party's identity" (id. at 548). However, the Supreme Court did "agree that making a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties is the antithesis of making a mistake concerning the proper party's identity" (id. at 549).

Footnote 3: The majority cites Krupski for the proposition that "making a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties is the antithesis of making a mistake concerning the proper party's identity" (Krupski v Costa Crociere S. p. A., 560 US at 549). The next two sentences are also relevant: "[w]e disagree, however, with respondent's position that any time a plaintiff is aware of the existence of two parties and chooses to sue the wrong one, the proper defendant could reasonably believe that the plaintiff made no mistake. The reasonableness of the mistake is not itself at issue" (id.).

Footnote 4: Precedent from all four Departments of the Appellate Division demonstrates the difficulty of applying the third prong of the doctrine, alternatively focusing on the plaintiff's or the defendant's mental state (compare OneWest Bank N.A. v Muller, 189 AD3d 853, 856 [2d Dept 2020], and NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc., 167 AD3d 1305, 1308 [3d Dept 2018], and Cintron v Lynn, 306 AD2d 118, 120 [1st Dept 2003], and Williams v Majewski, 291 AD2d 816, 817-818 [4th Dept 2002], with Matter of Sullivan County Patrolmen's Benevolent Assn., Inc. v New York State Pub. Empl. Relations Bd., 179 AD3d 1270, 1271-1272 [3d Dept 2020], and Gil v City of New York, 143 AD3d 572, 573 [1st Dept 2016], and Doe v HMO-CNY, 14 AD3d 102, 105-106 [4th Dept 2004], and Somer & Wand v Rotondi, 251 AD2d 567, 568-569 [2d Dept 1998]). Proper application of the doctrine is thus unsettled and unclear.